C. E. HIGHTOWER, *Plaintiff in Error*, v. BERTHA HOGAN, *et al., Defendants in Error.*

Opinion Filed March 30, 1915.

1.  Under the statutory provisions that when land is sold to the State for non-payment of taxes, "the title to the land shall, at the expiration of the time for redemption, vest in the State without the issuing of any deed, as provided for in other cases, and the certificate shall be evidence of the title of the State," and that "all tax sale certificates * * * issued to the State shall be held by the clerks * * * for redemption or sale," and that "any person, or agent of such

person, owning or claiming such lands sold for taxes, * * * may redeem the same at any time after sale and before a tax deed is issued therefrom," the title to the land vests in the State subject to the express provisions as to the right of redemption at any time before a tax deed is issued to a purchaser of the certificate from the State.

2. As the right of redemption exists in all cases until "a tax deed is issued," to a purchaser at the sale or from the State, the notices required by the statute to be given are material for the protection of those having the right to redeem, and such requirements should be complied with or the tax deed is void.

3. Where land is sold for non-payment of taxes under an assessment to Mrs. M. L. A. Lee, and the published notice of application for a tax deed states that the land was assessed in the name of Mrs. M. LaRue; and where the former owner Mrs. M. L. A. Lee had several years before the application for the tax deed sold the land, and the only service of the notice required by Section 575 General Statutes of 1906 shown is that the notice "was mailed to Mrs. M. L. A. Lee, who was the owner of the land," such notice and service are ineffectual, and the tax deed is void.

Writ of Error to Circuit Court for Marion County; W. S. Bullock, Judge.

Judgment affirmed.

*R. L. Anderson,* for Plaintiff in Error;

*H. M. Hampton,* for Defendant in Error.

WHITFIELD, J.—In an action of ejectment there was judgment for the plaintiffs, and the defendant took writ

of error.   At a previous day of this term the judgment was affirmed, but a rehearing was granted.

The defendant claimed title under a tax deed issued in 1911, upon a tax sale certificate issued to the State in 1905 for non-payment of taxes of 1904, the certificate being transferred in 1911 to C. E. Hightower and the deed issued thereon. Title by successive conveyances was shown in the plaintiff's ancestor; but it is contended for the defendant, plaintiff in error here, that under the statute the title of the State to the land under the tax sale to it had matured before the ancestor of the plaintiffs below acquired title, and that any irregularities in the issuance of the tax deed from the State to defendant do not aid the plaintiffs who acquired no title since the title was in the State by the tax sale and the lapse of two years thereafter.

The statutes contain the following provisions:

"Where land is bid off by the collector for the State, the tax certificate shall be issued by the tax collector to the State, in the name of the Treasurer, and if the land is not redeemed or the certificate not sold by the State, the title to the land shall, at the expiration of the time for redemption, vest in the State without the issuing of any deed, as provided for in other cases, and the certificate shall be evidence of the title of the State, and none of the provisions of this section providing for the issuing of a deed shall apply to such cases; and in all cases in which land or real estate has heretofore been sold and purchased by the State, and the certificate has not been sold or land or real estate not been redeemed, and the time for redemption has passed, it shall not be necessary for the State to procure a deed, but the title shall be held to be in the State."   Sec. 593 Gen. Stats. 1906.

"All tax certificates now owned by or hereafter issued to the State, shall be held by the clerks of the circuit courts of the several counties wherein are situated the lands covered by such certificates for redemption or sale, as hereinafter provided, and all redemptions of lands heretofore or hereafter certified, or sold for taxes, whether certified or sold to the State, or sold to individuals, shall be made through the clerks of the circuit courts of the respective counties wherein such lands are situated." Sec. 569 Gen. Stats. 1906.

"Any person may purchase any certificate of land sold or certified to the State for taxes from the clerk of the circuit court of the county wherein such land is situated." Sec. 573 Gen. Stats. 1906.

"No tax deed for land sold for taxes shall issue until the clerk of the circuit court shall have given at least thirty days' previous notice of the application for a deed by publishing the same once a week in some newspaper in the county, or if no newspaper be published in the county then by posting such notice at least thirty days at the court house door, and at two or more places in such county." Sec. 574 Gen. Stats. 1906.

"Proof of the publication or posting of such notice is required by the preceding section and the cost thereof, shall be filed by the clerk before any tax deed shall be issued, and at any time before the execution of such tax deed any person owning or claiming the land therein or any part or parcel thereof or any interest therein, or any creditor of such owner or claimant, may redeem the same." Sec. 576 Gen. Stats. 1906.

"The holder of any tax certificate at any time two years after the date of its issue, may obtain a tax deed to the

land therein described by application to the clerk of the circuit court of the county wherein such land is situated as provided by law, and the surrender of such certificate and the payment to the clerk of the proper amount for the redemption, or surrender of all other outstanding certificates covering said lands." Sec. 577 Gen. Stats. 1906.

While the statute provides that when land is sold to the State for non-payment of taxes, "the title to the land shall, at the expiration of the time for redemption, vest in the State without the issuing of any deed, as provided for in other cases, and the certificate shall be evidence of the title of the State," the statute also provides that "all tax sale certificates * * * issued to the State shall be held by the clerks * * * for redemption or sale," and that "any person, or agent of such person, owning or claiming such lands sold for taxes, or any part or parcel thereof, or any interest therein, or the creditor of any such owner or claimant, may redeem the same at any time after sale and before a tax deed is issued therefor." Under the above quoted statutory provisions the title vests in the State subject to the express provisions as to the right of redemption, and the classes of persons designated in the statute may redeem the land sold to the State for taxes or any part or parcel thereof or any interest therein at any time before a tax deed is issued therefor to a purchaser of the certificate from the State. As the right of redemption exists in all cases until "a tax deed is issued," to a purchaser at the sale or from the State, the notices required by the statute to be given are material for the protection of those having the right to redeem, and such requirements should be complied with or the tax deed is void. Starkes v. Sawyer, 56 Fla. 596, 47 South. Rep. 513; Clark-Ray-Johnson Co. v. Williford, 62 Fla. 453, 56 South. Rep. 938.

The assessment was made to Mrs. M. L. A. Lee and a tax certificate was issued to the State on such assessment. But the notice of application for a tax deed as published under section 575 General Statutes states that "the said land being assessed at the date of the issuance of such certificate in the name of Mrs. M. LaRue." This was a material variance and rendered the publication of the notice ineffectual for the purpose designed.

The statute requires the notice of application for a tax deed to be mailed *"to the owner of the lands,"* or if the owner is unknown, then "to the person last paying taxes on said property." Sec. 575 Gen. State. 1906.

The evidence is that the notice in this case "was mailed to Mrs. M. L. A. Lee, who was the owner of the land." But the record shows Mrs. Lee, was not "the owner of the lands" when the assessment was made or when the notice was mailed to her. It appears that she conveyed the land to another in December, 1903, and there is nothing to indicate that she had any interest in the land or any right to redeem.

The evidence as to mailing notice is as follows: "I certify that I mailed a true copy of the notice of application for tax deed to Mrs. M. L. A. Lee at Silver Springs, Fla., this 22 day of Feb., A. D. 1911. S. T. Sistrunk, Clerk Circuit Court." Also the following:

"Certificate of Tax Deed. State of Florida, Marion County. I hereby certify that tax certificate No. 598 was issued to State Treasurer on the 5th day of June, A. D. 1905, that it was transferred by clerk circuit court on the 22nd day of Feby., A. D. 1911. That on the 22nd day of Feby., A. D. 1911 C. E. Hightower made application for tax deed thereon, that notice of said application

was published in the Ocala Banner for 30 days, and a copy of said notice was mailed to Mrs. M. L. A. Lee at Silver Springs, who was the owner of the land embraced in said application (or a copy of said notice was delivered or mailed to . . . . . . . . . . person last paying taxes on said property).

That on the 27th day of March, A. D. 1911, a tax deed issued,

In witness whereof I have hereunto set my hand and seal of office this the . . . . day of . . . . . . . . A. D. 191 . . .

S. T. Sistrunk, Clerk Circuit Court, Marion County, Florida. By Alice Lovell, D. C." (Clerk's Seal)

This certificate as to mailing notice, apparently made on a blank containing alternative statements as to mailing to the owner of the lands or to the person last paying taxes on the property, shows that the stated mailing was to the supposed owner and was not to the person last paying the taxes on the property.

As the notice was given to a former owner and not to the owner at the time the notice was given or to the person last paying the taxes on the land, it is ineffectual for the purpose designed, i. e. the protection of the rights of the owner to redeem and to prevent a sacrifice of his property; and the failure to give the notice as expressly and specifically required by the statute renders the tax deed void, even though it is based on a certificate that was purchased from the State.

The judgment is affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.