M. T. FOUNTAIN AS CLERK OF THE CIRCUIT COURT OF WALTON COUNTY, FLORIDA, AND A. M. EVERETT, *Plaintiffs in Error*, v. STATE OF FLORIDA EX REL McCASKILL INVESTMENT COMPANY, A CORPORATION, *Defendants in Error*.

En Banc.

Opinion Filed October 21, 1927.

*James N. Daniel*, for Plaintiffs in Error;

*W. W. Flournoy*, for Defendant in Error.

THOMAS, Circuit Judge:

The facts as we glean them from the petition in mandamus and the exhibits thereto are: On September 10th, 1925, relator was advised by the plaintiff in error, M. T. Fountain, Clerk of the Circuit Court of Walton County, Florida, in a letter, that the amount "it would have cost" to redeem property involved in the suit (described as Lots one to sixty-four inclusive, Section Twenty-six, Township Two South, Range Twenty-one West) on or before June 30th, 1925, was $413.81 which covered unpaid taxes for

the year 1921 and omitted taxes for the subsequent years to and including the year 1925.

In this letter the clerk also advised relator that the certificates were not subject to redemption because the same were involved in the case of Chas. E. Cessna against A. M. Everett, purchaser, M. T. Fountain, as Clerk of the Circuit Court, and Ernest Amos, Comptroller.

On September 11th, the relator represented to the said Fountain that it was the owner of said property by virtue of a deed from C. E. Cessna to relator dated June 20th, 1925, and tendered to the said Fountain the sum of $413.81 for the "unqualified" cancellation of Tax Certificate No. 915.

On September 11th the Clerk refused to accept the money. On September 16th relator again wrote to the said Fountain advising that in the suit referred to by the Clerk in his letter of September 11th an amended bill had been filed by the attorney for C. E. Cessna dismissing the suit "as regards" the property above described. The relator renewed his tender for cancellation of the certificate. On the same day the Clerk declined the tender. On the 17th day of September the relator filed its petition for a writ of mandamus in the Circuit Court for Walton County against M. T. Fountain as Clerk of the Circuit Court and A. M. Everett.

The Court issued an alternative writ of mandamus commanding the Clerk of the Circuit Court to accept from relator the sum of $413.81 for all taxes against the property in question, including the additional amount necessary to cover charges, interest and fees, and to issue to the relator tax redemption certificates and receipts in due form and course or show cause if he refused to do so. The writ further commanded the defendant A. M. Everett to show

cause why the Clerk should not be ordered to comply with the writ.

The defendants filed their return wherein they admitted that relator "claimed" to own the property in question and stated on information that relator had acquired a deed thereto as set forth in the alternative writ. Defendants then averred that in May, 1925, the defendant A. M. Everett purchased from the State of Florida through the defendant M. T. Fountain as Clerk of the Circuit Court, tax certificate 915 of the sale of July, 1922, and filed the same with the clerk for a tax deed also paying all amounts required to entitle him to a tax deed; that notice was published for thirty days prior to June 30th, 1925, that a tax deed would issue on that date in pursuance of the application therefor unless tax certificate No. 915 were redeemed and that a copy of the notice was mailed thirty days before the return day to Charles E. Cessna. The return further set out that on June 26, 1925, the said Charles E. Cessna filed in the Circuit Court of Walton County, a bill in chancery admitting the receipt of the notice of application for tax deed for property described in tax certificate No. 915 (and other certificates) and seeking to enjoin the issuance of the tax deed; that a temporary injunction was issued as prayed for in the bill; that on August 31st, 1925, a demurrer was sustained to the bill of complaint, and that on September 15th Charles E. Cessna filed notice of appeal to the Supreme Court, having on that date amended his bill by eliminating tax certificate No. 915.

The defendants alleged further that the said temporary injunction was still in force and tax deed had not been issued for that reason; that in the suit brought by Charles E. Cessna no tender or offer was made except the expression of willingness on the part of complainant to pay the taxes on the lands described in the certificates for three years

without interest or penalties and to pay all taxes "which the court should ascertain to be lawfully assessed." Defendants in the return admitted the tender by relator.

On motion the court held the return insufficient and issued the peremptory writ, which is the sole error assigned.

The plaintiffs in error contend that the relator was not granted further right of redemption by the temporary injunction issued on behalf of Charles E. Cessna in view of the facts that: Cessna conveyed his interest to relator before filing his bill; redemption was not sought by relator until more than two months after the return day of the notice, and after Cessna had eliminated from his suit the property affected by the certificate. In support of their position they cite the case of Long v. Smith appearing in 17 N. W. 579, where the facts were similar to the ones here and the Supreme Court of Iowa said: "The plaintiff had the right to redeem at any time prior to the time the defendant was entitled to a deed, and not afterwards." The court further decided that the plaintiff not having offered to redeem until four days after the defendant was entitled to a deed, although he had knowledge of the tax sale and of the time of the expiration of his right to redeem, and the district court having held the injunction wrongfully issued, the pendency of the action could not affect the rights of the parties. The opinion definitely concludes: "But the plaintiffs right to redeem expired when the defendant became entitled to a deed." "The right to redeem must be exercised within the time given by statute." Plaintiffs in error further cite the Iowa case of Bitzer v. Becke, 94 N. W. 287, holding that where, before the expiration of the period of redemption a property owner brought suit to determine the amount plaintiff should pay in order to redeem and to enjoin the execution of a tax deed, the

lower court properly granted the right to redeem within a certain time after the main issue was decided although the period of redemption had expired.

It is readily observed from a study of these decisions that at the time they were written a definite period of redemption was in that state allowed and that at the expiration thereof the purchaser at tax sale was entitled to a deed and the owner was precluded from redeeming. Even in the latter case, where the time was extended, the extension was granted so that the court might adjudicate the amount to be paid in redemption. The court pointed out that upon equitable grounds such as mistake, bad faith of party or attorney or misconduct of county officials, a court is justified in allowing additional time within which the owner can pay the requisite amount and save his property from sale for delinquent taxes.

We do not agree with counsel for the plaintiff in error that when the requirements of law relative to publication and mailing of notice are complied with a definite limitation thereupon becomes fixed the same as if the law specified a date within which redemption could be effected. Section 770 of the Revised General Statutes of 1920, provides that ''Any person, or agent of any person, owning or claiming such lands sold for taxes, or any part or parcel thereof, or any interest therein, or the creditor of any such owner or claimant, may redeem the same at any time after such sale and before a tax deed is issued therefor,'' by paying to the clerk the amount appearing in the tax certificate, interest at 25% for the first year, 8% for the succeeding period and the clerk's fee. Section 770, also provides that upon redemption all of these amounts except the clerk's fee shall be paid to the holder of the tax certificate. Section 776 provides that: ''No tax deed for lands

sold for taxes shall issue until the Clerk of the Circuit Court shall have given at least thirty days previous notice,'' etc., and Section 779 that: ''The holder of any tax certificate at any time two years after the date of its issue, may obtain a tax deed,'' etc. By comparison of the above quoted sections of the statutes we find that after two years have elapsed from the date of the issue of the tax certificate and after at least thirty days notice is given a tax deed may issue provided that the owner may redeem at any time before a tax deed is issued and in the event of redemption the tax certificate holder is reimbursed for all amounts expended by him so that by redemption the ultimate result is to secure to the owner his land, to the purchaser his money—a result entirely equitable.

It is the policy of the law of this state to safeguard the rights of the property owner to the end that his property may not be sacrificed in proceedings to collect delinquent taxes and this Court has held that although failure of officers to strictly comply with directory provisions of the tax laws will not necessarily render such proceedings void, a disregard of the provisions throwing around the citizen protection of his right to the property will render the proceedings invalid. Starke et al. v. Sawyer et al., 47 So. 513; Clark—Ray—Johnson Co. v. Williford, 56 So. 938.

In Hightower v. Hogan et al., 68 So. 669, this Court, after referring to the statutes, said: ''As the right of redemption exists in all cases until 'a tax deed is issued' to a purchaser at the sale or from the state, the notices required by the statute to be given are material for the protection of those having the right to redeem, and such requirements should be complied with or the tax deed is void.''

We decide that the relator had the right to redeem at any

time before the tax deed was issued and that the peremptory writ was properly issued.

PER CURIUM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Circuit Court in this cause be, and the same is hereby, affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.