## McNEE v. WALL. et al.

District Court, S. D. Florida.

Dec. 31, 1935.

Hull, Landis & Whitehair, of De Land, Fla., for complainant.

T. T. Oughterson, of Stuart, Fla., Cary D. Landis, Atty. Gen., and H. E. Carter and Robert J. Pleus, Asst. Attys. Gen., for defendants.

RITTER, District Judge.

This is a suit, brought by a holder of bonds of a taxing district known as the St. Lucie Inlet District and Port Authority, to enjoin officers of the state of Florida, whose duty it is under the law to collect state, county, and district taxes, from accepting bonds and matured interest coupons issued by that district in redemption of tax sale certificates held by the state in so far as such certificates represent taxes levied for the purpose of retiring the bonded indebtedness of that district.

This case has heretofore been considered by a three-judge court, consisting of Circuit Judge Bryan, and Ritter and Strum,

District Judges, who issued an Interlocutory Injunction. (D.C.) 4 F.Supp. 496. Upon appeal to the Supreme Court of the United States (56 S.Ct. 177, 80 L.Ed. ——), the case has been sent back as being within the jurisdiction of the District Judge rather than three-judge court, and the case now is before me upon an application for a preliminary injunction, pursuant to 28 U.S.C. A. § 380. In support of that application it is contended on behalf of the plaintiff that the tax-collecting officials are without lawful authority to accept anything except money in redemption of delinquent tax certificates and liens held by the state, but that they will, unless enjoined, accept county and district bonds in lieu of money, in accordance with provisions of chapter 16252, Laws Florida, enacted in 1933, which purport to authorize the acceptance of county and district delinquent taxes; that those provisions, to the extent at least that they affect plaintiff's rights, are unconstitutional, in that they impair the obligation of the contract under which plaintiff's bonds were issued, in violation of section 10, article 1, of the Constitution of the United States.

The St. Lucie Inlet District was created by chapter 9631, Sp.Laws 1923, and given authority to issue $250,000 of bonds. That chapter was so amended by chapter 11693, Laws 1925, Extra Session, as to enlarge the district and permit the issuance of $1,250,-000. Provisions of the 1923 act (section 21 et seq.), which were declared to constitute "an irrepealable contract" (section 21) between the district and the holder of any bonds, were made for the annual levy by a district board of taxes on real and personal property with which to create a sinking fund and pay the bonds. principal and interest, for the assessment of taxes so levied, and for their collection by the county tax collector "in the same manner as other taxes are collected" (section 28).

According to the averments of the bill of complaint, which, not having been denied, are assumed for the purpose of this hearing to be true, the plaintiff is a citizen and resident of a state other than Florida, owns no property subject to taxation within the district, but does own bonds issued by it of a par value of $43,000 and past-due interest coupons amounting to $3,500. The district in 1925 issued $250,000 and in 1926 $1,000,000 of bonds and pledged its full faith and credit for the payment of the principal and interest thereon. The uncollected taxes levied for the years 1926 to 1931, inclusive, amount to over $200,000 as shown by tax sale certificates, a large proportion of which is held by the state. The district has outstanding bonds and interest coupons in default aggregating approximately $155,000, with only about $23,000 in the interest and sinking funds applicable to the payment thereof, with the result that the amount to which plaintiff is entitled is negligible. The combined effect of chapter 16252, of compliance with it, and of the district's default on its bonded indebtedness, has been to depreciate the market value of the bonds and coupons to such an extent that they are being bought for less than their face value and are being turned in by land owners at par in payment of taxes. Plaintiff as well as all other bondholders who are not taxpayers are prejudiced and discriminated against, in that they will be compelled either to sell their bonds and coupons at the depreciated market value or to hold them without any reasonable expectation of having them paid off so long as bonds are available for the payment of delinquent taxes.

The system of taxation in force in Florida in 1925 and 1926, at the times when the district issues its bonds, is set forth in chapter 1, title 6, Compiled General Laws of 1927 (section 893 et seq.). All property is subject to taxation annually, and all taxes create a first lien which continues in force until discharged by payment, and may be enforced by suit in equity. Sections 894, 896. If the taxes upon any real estate are not paid within the time prescribed, the tax collector advertises and sells the land. Section 969. He gives to the purchaser a tax sale certificate (section 981); and, if there be no private bidder, he bids off the "whole tract" for the state (section 972). The certificates are transferable by indorsement at any time before they are redeemed or a tax deed is issued. Section 982. All certificates owned by the state are held by the clerks of the circuit courts of the several counties wherein the lands are located, not only for sale, but also for redemption. Section 983. Land certified to the state is marked on future tax rolls, though the amount of taxes thereon is not extended, but, when the land is redeemed, the taxes are paid at the rate of taxation levied for the years "marked as aforesaid." Section 984. The owner of land has the right to redeem it at any time after the tax sale and before a tax deed is issued. Section 985. The holder of any tax certificate at any time within two years after the date of its is-

328

sue may obtain a tax deed by making proper application. Section 1003. Where land is bid off for the state, "and if the land is not redeemed or the certificate sold by the State, the title to the land shall, at the expiration of the time for redemption, vest in the State without the issuing of any deed, as provided for in other cases, and the certificate shall be evidence of the title of the State," etc. Section 1027.

Chapter 16252, the statute hereunder attacked, in section 6, provided: "That bonds or matured interest coupons of all counties or other taxing district shall be receivable at par and in lieu of money in redemption of tax sales certificates or other evidences of tax liens held in the name of the State, covering lands sold for non-payment of State and County or other taxing District taxes to the amount of the delinquent taxes which were levied in each county or other taxing district for all purposes other than the levy made for State taxes." And in section 7 it provides that any person entitled to do so may redeem his lands from tax sale certificates held by the state by paying the state's portion of the taxes in cash and by paying the portions which represent taxes levied for county or district purposes in bonds at par. Other sections of the act provide for a sort of moratorium by requiring the state to withhold from sale tax sale certificates which it now holds upon conditions therein stated for a period of five or twenty years. But that feature of the act is not now before us for consideration, since as against it the plaintiff in this case seeks no relief.

 The act of 1923, by authority of which the district issued its bonds, provides for the annual collection of taxes "in the same manner as other taxes are collected." Section 28. Under an established principle of law as well as by its terms, that statute entered into and formed a part of the contract between the district and any holder of its bonds. McCracken v. Hayward, 2 How. 608, 614, 11 L.Ed. 397; Hull v. State, 29 Fla. 79, 88; 11 So. 97, 16 L.R.A. 308, 30 Am.St.Rep. 95. The obligation of a contract is the means provided by law for the enforcement of it. Sturges v. Crowninshield, 4 Wheat. 122, 197, 4 L.Ed. 529. Any law which materially changes the binding force of a contract necessarily impairs it. Green v. Biddle, 8 Wheat. 1, 84, 5 L.Ed. 547; Ogden v. Saunders, 12 Wheat. 213, 256, 6 L. Ed. 606. Under the law of the contract, the district's taxes, like state and county taxes, could be paid or redeemed only in money,

since there was then no provision of law permitting settlement or discharge of any taxes in any other way. Frier v. State, 11 Fla. 300; Finnegan v. Fernandina, 15 Fla. 379, 21 Am.Rep. 292. In my opinion, subsequent legislation which so materially changes the contract as to permit the payment or redemption of taxes in bonds in lieu of money necessarily impairs that contract and must fail in its object because it violates section 10 of article 1 of the Federal Constitution. In Crummer v. City of Fort Pierce (D.C.) 2 F.Supp. 737, it was held that current taxes, which the law of the contract provided should be payable in money only, could not by subsequent legislation be made payable in bonds in lieu of money. The defendants do not here deny that this is so, but they seek to distinguish that case from this one because the attempt now is to authorize, not the payment of current taxes in bonds, but the discharge of delinquent taxes in bonds in cases where the period of redemption has expired and the tax certificates are held by the state. The argument is that the state in such cases has acquired title to the lands and, being the owner thereof, may like any other owner of property dispose of it on such terms and conditions as it sees fit. The conclusion is that the state therefore has the right to exchange delinquent tax certificates which are more than two years old and which constitute the evidence of its title, for bonds of the district. The fallacy of that argument, as it seems to me, is that the state does not become the absolute owner of the lands upon the expiration of the two-year period of redemption. It is true that C.G.L., § 1027, declares that, after the period of redemption upon tax certificates held by the state has expired, the title shall vest in the state without the issuance of a deed. This section is to be construed in connection with section 985, which gives the owner of land the right to redeem it after the period of redemption has expired at any time before a tax deed is issued. Other sections above referred to show clearly that the state's title as well after as before the period of redemption has expired is subject to be redeemed by the owner of the land. The state is given a lien that continues in force until it is discharged by payment or enforced by suit in equity. It must transfer any tax sales certificates, however old, to any one who is willing to purchase them by discharging all taxes upon the land. When it transfers these certificates, the purchaser does not obtain title until he gets a tax deed.

Until a tax deed is issued, the owner has the right to redeem by the payment of all past-due taxes, interest, and penalties. These provisions are inconsistent with the theory that the state, upon the expiration of the period of redemption, becomes the absolute or unconditional owner of the land. They have been so construed by the Supreme Court in Hightower v. Hogan, 69 Fla. 86, 68 So. 669, and their effectiveness is recognized by the recent decision of the Supreme Court in State v. Butts, 111 Fla. 630, 149 So. 746, 89 A.L.R. 946. Delinquent tax certificates are held by the state as security for the payment of taxes due not only to it, but to counties and other taxing units or districts as well. It is trustee for the counties and other taxing units, and it would seem to follow as a matter of course that the state cannot be made by subsequent legislation to violate its duties as trustee by compelling its counties and taxing districts to accept bonds at par in lieu of money even though the bonds may not be worth par. The bondholders are entitled to insist upon the performance of the contract which the law made for them substantially according to its terms. The rights of bondholders were not before the Supreme Court of Florida in State v. Butts, supra, and so that decision cannot justly be said to affect them. Mr. Justice Whitfield, who wrote the majority opinion in that case, was careful to state that the court was only passing upon the rights of the parties before it, and that none of them had any just cause of complaint.

My conclusion is that the plaintiff is entitled to the preliminary injunction for which she prays.