STATE, *ex rel.* Real Estate Securities Company, a corporation, v. G. H. LEONARD, Clerk Circuit Court, Santa Rosa County, and J. M. LEE, Comptroller.

185 So. 870.

En Banc.

Opinion Filed January 10, 1939.

Rehearing Denied February 6, 1939.

*Watson & Pasco & Brown,* for Relator;

*Cary D. Landis,* Attorney General, and *W. P. Allen,* Assistant Attorney General, for Respondents.

WHITFIELD, J.—This is an original proceeding in mandamus to require the State Comptroller to return to the Clerk of the Circuit Court for Santa Rosa County stated tax sale certificates and to require such Clerk upon demand to advertise and offer such certificates for sale under Chapter 18296, Acts of 1937, known as the Murphy Act. There is a motion for a peremptory writ of mandamus after a return and a stipulation of facts were filed.

The statutes of the State provide that when taxes that are annually assessed upon lands are not duly paid, the county tax collectors upon due advertisement shall offer for public sale the lands upon which taxes have not been paid, and if there are no bidders for any of the lands, they shall by the tax collector be bid in for the State, and tax sale certificates for the total amounts due as taxes on described lands so sold are issued to the State in the name of the State Treasurer and held by the clerk of the circuit court for the county for purposes of sale or redemption as the statutes may provide, the proceeds of such sale or redemption to be remitted to the State Comptroller and by him distributed to be credited to the several State, county and school, road or other district funds in proportion as the taxes are due to each from the sale or redemption of the lands for unpaid taxes.

The statutes provide for issuing tax deeds upon tax sale

certificates bought at the sale or from the State after the certificates are two years old and prescribed advertisement is made of applications for tax deeds to be issued by the Clerk of the Circuit Court as prescribed by law. When tax sale certificates held by the State become two years old the State has a defeasible title to the lands covered by the certificates, subject to the right of redemption at any time before a tax deed is issued or the lien of the tax sale certificates is foreclosed by final decree. Hightower v. Hogan, 69 Fla. 86, 68 So. 669; Section 1027 C. G. L.; Section 985 Perm. Supp. to C. G. L.; Section 9, Chapter 14572, Acts of 1929; Fountain v. State, 94 Fla. 746, 114 So. 511.

By Chapter 18296, Acts of 1937, known as the Murphy Act, which became effective June 10, 1937, it is provided:

"That it shall be the duty of any Clerks of Circuit Courts of the State of Florida, having custody or control of any tax certificates held by the State of Florida, that are more than two years old to offer such certificates together with all subsequent omitted or levied taxes, for sale at public outcry to the highest and best bidder for cash, when written request is made by any person for such sale, such written request to give description of land covered by such certificate sought to be purchased. * * *

"And it shall further be the duty of such Clerk of Circuit Court to sell said tax certificates together with omitted or subsequent levied taxes to highest and best bidder for cash and to immediately require of any such purchaser a deposit of twenty-five per cent (25%) of such bid, * * *

"Upon such sale being made Clerk of the Circuit Court making such sale shall assign such certificates so sold, together with receipts for subsequent levied or omitted taxes to purchaser at such sale, upon payment of the balance of amount bid therefor, together with such fees of such clerk as are now allowed by law in the purchase of certificates.

"If an action on behalf of the State or the County is then pending to foreclose taxes upon the lands covered by such certificate, or tax liens, the said purchaser shall pay to the said Clerk the costs and fees actually expended or incurred by the plaintiff in said action. Upon the payment of the bid as aforesaid, and after deductions of any costs or expenses of such sale, the said Clerk shall distribute the money so derived from said sale between the State and the County in proportion to the amount of taxes levied by each. * * *

"In the event any tax certificate together with subsequent or omitted taxes are purchased under terms of this Act by any person or persons or corporation, not the owner of the land described in such certificate, then at the expiration of two years from the date of such sale of such certificate such purchaser shall have the right to apply for tax deed as now provided by law for land described in such certificate, pro- vided that for two years from date of sale of such certificate the owner of said land, that is, the person who held title to said land on date said certificate became two years old or any grantee of such person, or their legal representative or anyone holding any lien on such land, shall have the right to redeem such land from any or all such tax certificates so sold by the payment to purchaser thereof the amount bid therefor plus 3% per annum from the date of such certificate together with all costs paid by such purchaser in connection with purchasing such certificate.

" * * * In event of purchase of said certificate by the owner of said land or in event of redemption by such owner of such certificates from the purchaser at any sale, within period of two years as aforesaid, then such owner of such land so acquiring such certificates or any holder of such certificates by assignment or otherwise, shall have the right to deliver same to the Clerk of the Circuit Court of the County in which lands are situated for cancellation and said

Clerk shall cancel the certificates of record on payment of fee of ten cents (10c) for each certificate so cancelled."

The return to the alternative writ contains the following:

" * * * Respondents say that the money paid into the registry of the Court as aforesaid was for the benefit of the fee simple owners of the property and all others who held any claim, interest or title to the said property. That among the liens against the said property were the tax sales certificates held by the respondents in this suit, being certificates issued on the sale of the property set forth in the Alternative Writ issued in this case; that on the taking of the property by the Petitioner, the United States Government, in the condemnation suit, the sums of money paid therefor into the registry of the Court to be disbursed by subsequent orders of the District Judge was in lieu and in satisfaction of the specific liens on the property held by the taxing districts of the State of Florida.

"That since this money was in the registry of the Court awaiting disbursement to the State Comptroller and to the Clerk of the Circuit Court, the respondents herein, prior to the passage of the so-called 'Murphy Act,' the said Act does not affect the said certificates nor is there any duty on the part of the Clerk to sell the certificates nor can the Clerk legally so do.

"Further answering, these respondents say that the particular property set up in the Alternative Writ has been exempt from all taxes for the years 1936 and 1937 as being the property of the United States Government."

A stipulation signed by counsel and filed in the cause contains in substance the following: On or about January 12, 1935, the United States took from the relator herein, the Real Estate Securities Company, a Florida Corporation. an option for the purchase of relator's described real estate covered by tax sale certificates herein referred to. On De-

cember 30, 1935, the United States instituted in the United States District Court condemnation proceedings to obtain for public uses of the United States "the full fee simple title, free and clear of all liens and encumbrances, of 3,-938.65 acres, more or less, of land" partly situated in Santa Rosa County and partly in Okaloosa county, Florida, including land of relator in Santa Rosa County, Florida, upon which the mentioned tax sale certificates had been issued; that respondents herein filed in said condemnation proceeding a claim for taxes alleged to be due the State of Florida, based upon the tax sale certificates; thereafter on November 13, 1936, a jury rendered a verdict that relator's land was of the just value of $2,169.97; that on the verdict so rendered judgment was entered November 24, 1936; that "On or about January 6, 1937, said United States caused to be paid into the registry of said District Court the sums found by said verdict and confirmed by said judgment as just compensation for the taking of the property so condemned;" that "The sum so found as just compensation for the taking of relator's said property was among those sums so paid into said registry; and yet remains in said registry; and no further order respecting relator's said property, on said sum so found as the just compensation for the taking of it, or said claim for taxes, has been entered by the said District Court since its said judgment. * * * That "Subsequent to the effective date of the said Chapter 18296, before the institution of this proceeding, and on or about July 9, 1937, relator made written request and demand upon said respondent Leonard in full compliance with said Chapter, if applicable, for the sale in the manner provided by said Chapter of the tax certificates hereinafter described, each of which said certificates had theretofore been issued to and was then held by the State of Florida, and was then in the custody and control of said Leonard in his said

capacity as Clerk. At the time of said demand and request, each such tax certificate was more than two years old. * * *

"The respondents contend that by reason of the factual situation herein set forth with reference to said condemnation proceeding, each and every the said certificates were at the time of said request and demand, at the time of the institution of this proceeding, and now are redeemed and cancelled. Relator contends that such factual situation does not in law operate as a sale, redemption, or cancellation of said certificates or any or either of them.

" * * * The said certificates so in the custody and control of said respondent Leonard were at the time of the aforesaid demand and request at all times since have been, and now are unredeemed and uncancelled unless respondents' contention last aforesaid is correct.

" * * * After receipt by him of said written request and demand said respondent Leonard refused to advertise and offer for sale pursuant to the provisions of said Chapter 18296 any or either of said certificates; but thereafter transmitted each and every the said certificates to the respondent Lee. Said respondent Lee thereafter caused each and every the said certificates, to be forwarded, attached to a form of mo'ion for disbursement entitled in said condemnation proceedings, to the United States Attorney for the Northern District of Florida. Said motion pertained to the land herein involved and was so transmitted to said United States Attorney with instructions as follows:

" 'I am herewith sending you by registered mail original motion for disbursement of the amount of taxes due to the State of Florida and County of Santa Rosa on Tract No. 207, together with copy thereof. You will note that the original tax certificates and receipts for subsequent taxes are tendered with and made a part of the motion. Will you please have the Court enter an order authorizing the

disbursement and send checks to this office payable to J. M. Lee as State Comptroller.

" 'Will you please acknowledge safe receipt of this motion with original tax certificates and receipts thereto attached.'

"Receipt of said motion with said certificates attached was acknowledged by said United States Attorney who advised as follows:

" 'This will acknowledge receipt by registered mail of original motion for disbursement of taxes on tract No. 207 in the above cause. This motion will be presented to the court at the time order for disbursement is presented.'

"Said form of motion has never been filed in said condemnation proceedings nor has any order for disbursement been presented as referred to in the above advice from the United States Attorney.

" * * * Prior to the institution of the instant proceeding relator made demand upon said respondent Lee that because the said certificates to be returned to the respondent Leonard so that they might be sold pursuant to relator's aforesaid written demand and request but said respondent Lee has refused to comply with said request and demand for said return."

The statute controls the custody and disposition of tax sale certificates held by the State, and it is the duty of the Clerk of the Circuit Court under Chapter 18296, Acts of 1937, upon the written request of *any person,* to advertise and sell any of such certificates that are over two years old, and to perform other duties relative thereto as commanded by Chapter 18296.

As the State still holds the tax sale certificates which should be in the custody of the said Clerk, and as they are over two years old, the fact that the lands covered by the certificates have been acquired by the United States in condemnation proceedings, does not affect the statutory

duties of the Clerk in the premises. If the lien of the tax sale certificates upon the land for the unpaid taxes covered by the certificates, be by operation of law transferred to the funds in the registry of the court as compensation for the lands taken by condemnation, the rights in such funds of the purchasers of the tax sale certificates at a sale made by the Clerk under Chapter 18296 are of no official concern of the Clerk under the statutes of Florida as they now exist.

It is clear that the appropriation of the land by the United States through condemnation does not cancel the tax sale certificates held by the State covering unpaid taxes on the land. As the tax sale certificates were not sold or redeemed under other statutes they are subject to advertisement and sale under Chapter 18296; and without reference to the wisdom of the statute, the duties of the Clerk of the Circuit Court upon written request of *any person* to duly proceed as commanded by the stated Chapter are clear and absolute unless restrained by due course of legal procedure.

A PEREMPTORY WRIT IS AWARDED.

TERRELL, C. J., and BUFORD and CHAPMAN, J. J., concur.

BROWN and THOMAS, J. J., dissent.