**PAULINE P. BURNS v. FREDERICA LUCIAN, as sole heir at law and Executrix of Estate of LEONORA FORNEY BUCKHART, deceased.**

33 So. (2nd) 652                           January Term, 1948
February 3, 1948                         Special Division B

*W. J. Kelley* and *McCune, Hiaasen, Fleming & Kelley,* for appellant.

*A. C. Franks,* for appellee.

ADAMS, J.:

Pursuant to a legal notice the City of Fort Lauderdale offered to sell certain real estate for nonpayment of city taxes. At 12:00 o'clock noon, on the appointed sale date, the property was duly offered and sold to the appellant in this case. After the sale, but prior to the issuance of the tax deed, the appellee (being the record owner) appeared and offered to redeem the property. The city declined to allow the redemption and executed and delivered its tax deed.

Thereupon appellee prosecuted a suit in equity and procured a final decree allowing her to redeem the property.

On this appeal we are called upon to construe the following statutes:

Section 194.02, Fla. Stat., F.S.A.

"Any person . . . may redeem the same at any time after such sale and before a tax deed is issued . . . "

Section 17, Chapter 21234, Special Acts of 1941 provides for a redemption only until date of sale.

The special act must control. See Ferguson v. McDonald, 66 Fla. 494, 63 So. 915. The line of cases decided under the general statute are of no avail here. Ferguson v. McDonald, supra.

There is no ambiguity in either of the statutes. The language is simply different. It is clear and we have no right to assume that the legislature meant otherwise. Furthermore, it may be easily seen that the local statute is framed so as to avoid difficult situations. The time of sale as fixed is definite and certain. It fixes by law a definite time and place which may be known and relied upon by all. The time of issuance of tax deed must yield to the abilities and often to the convenience of the city officials. If we cherish the reign of law then the statute, which does fix a definite and certain time within which the record owner may redeem his property, must surely have a salutary effect. We, as a court, have no alternative other than to interpret the statute as it is plainly written.

The decree is reversed with directions to dismiss the bill.

THOMAS, C. J., TERRELL and BUFORD, JJ., concur.