O’CONNELL, Justice.
This appeal from a final decree for defendant in ejectment is before the Court upon a stipulated record. The material facts appearing therefrom are:
The appellant Gates, in 1912, acquired title to certain realty, and made his home there with his family until their house was torn down in 1935. Between 1934 and 1941 the title passed to the state when appellant ceased to pay taxes, and the appellees, owners of the neighboring tract, commenced in 1939 to farm appellant’s land with their own. In 1941 the appellant bought back his original parcel from the Trustees of the Internal Improvement Fund at sale to satisfy outstanding yearly tax certificates. He paid all taxes accruing thereafter, but did not bring any action to recover possession from appellees, who held adversely without color of title from 1941 through 1945.
In 1953 appellant instituted this action in ejectment and, by order on pre-trial conference, the court denied a motion by him to strike the defendants’ answer as insufficient in law for failure to allege compliance with F.S. §§ 95.18, 95.19, F.S.A., governing acquisition of title by adverse possession in this state. The case was presented to the jury upon instructions that if defendants were in “actual adverse possession” of the property on the date plaintiff acquired his tax deed, and so remained for four years thereafter, then plaintiff was estopped from asserting his claim for possession by action in ejectment, without regard to the fact that defendants had not returned the property for taxes, or laid claim to it for the statutory period of seven years prescribed by Chapter 95, supra. The issues were thus defined on the theory that plaintiff was limited by F.S. § 196.06, F.S.A., to a period of four years from the date of his tax deed in which to bring an action for possession, *864 if in fact defendants’ allegations o-f hostile use and occupancy during that period were proven. (Sec. 196.06 provides that a tax deed holder, “where the said real estate is in adverse actual possession, occupancy and use of any person, shall not he entitled to recover possession of such real estate under such tax deed, unless suit for such recovery shall be brought within four years from the date of such tax deed.”)
Even assuming, as an abstract proposition, that the court properly construed the terms “adverse actual possession” appearing in section 196.06, it would seem, nevertheless, that under the circumstances it erred in applying the bar of the statute against appellant. The record shows affirmatively, as a conceded fact, that he held record title to the property in question, prior to his tax delinquency in 1935. The general rule laid down by our statutes, and repeatedly acknowledged in past decisions of this Court, is that the defaulting owner retains a sufficient interest in land so acquired by the state that he may, at any time before title passes by actual issuance of a tax deed to a purchaser, reacquire or clear his own title by redemption. Hightower v. Hogan, 69 Fla. 86, 68 So. 669; Fountain v. State ex rel. McCaskill, 94 Fla. 746, 114 So. 511; Banks v. Shaw, 144 Fla. 550, 198 So. 341. Such a right is not merely equitable in nature, but has been held sufficient to support an action of ejectment by the former owner to contest the validity of a tax deed issued by the state. Kester v. Bostwick, 153 Fla. 437, 15 So.2d 201.
 In the situation at bar, the act of the original owner in obtaining a tax deed upon sale to satisfy outstanding certificates for taxes which it had been his duty to pay, should logically be regarded, in legal effect, as a redemption, reviving his title to its former status as if the default had not occurred. “There is a general principle * * * that a purchase made by one whose duty it was to pay the taxes, shall operate as a payment only * * * ” Cooley on Taxation, p. 315. Such has been the construction placed upon a tax deed purchase by a former owner even under legislation expressly designed to permit the creation of a new and independent title by tax deed validly issued thereunder. Andrews v. Andrews, 155 Fla. 654, 21 So.2d 205. This seeming inconsistency is resolved by reference to “latent interests” of the former owner, and circumstances by which he was estopped to deny continuity of title, or a reviver. The fact that the former owner could not technically “redeem” under the terms of the statute did not prevent his purchase having the effect of redemption.
As stated in one case, expressly recognizing that a deed acquired by tax foreclosure initiates a new and independent title, “such new and independent title becomes ineffectual” when it is again vested in one who formerly had an interest in the property, the newly acquired title having its genesis in the default of the one obtaining new title. Torreyson v. Dutton, 137 Fla. 683, 188 So. 805, 190 So. 430.
The doctrine of merger has been applied in a wide variety of circumstances involving acquisition of tax title by a defaulting owner, as an illustration of “the policy of the law of this state to safeguard the rights of the property owner to the end that his property may not be sacrificed in proceedings to collect delinquent taxes”. Fountain v. State ex rel. McCaskill, supra [94 Fla. 746, 114 So. 513], See Haynes v. Woodward, 154 Fla. 111, 16 So.2d 736; Torreyson v. Dutton, supra; Andrews v. Andrews, supra.
 The fact that title under such a deed is or may be “new and independent,” so far as claims by former owners adverse to the new title are concerned, cannot reasonably preclude its merging with the former record title, so as to bolster, reinstate, or restore continuity to it, no intervening rights having become vested or accrued. “The authorities generally hold that the presumption of law is that the party purchasing or redeeming tax certificates does so for the protection of his own interest.” 3 Cooley on Taxation (4th ed.), sec. 1263, Clermont-Minneola Country Club v. Coupland, 106 Fla. 111, 143 So. 133, 137, 84 A.L. *865 R. 1354. The same presumption might be made in this case.
Appellant would therefore be entitled, in ejectment, to contest the sufficiency of the defense of adverse possession by reference to the g-eneral statutes on the subject of divestiture of title by that means, secs. 95.18, 95.19, supra, and the appellees’ answer was obviously subject to motion to strike for failure to state a sufficient defense in that respect.
For the reasons stated the cause is reversed with directions for further proceedings in conformance herewith.
DREW, C. J., and TERRELL and HOBSON, JJ., concur.