## CLARK v. LEATHERMAN, Clerk of Circuit Court, et al.
### No. 60 C 478.

Circuit Court Dade County.

January 6, 1961.

Charles A. Gould, Miami, for plaintiff.

Ward & Ward and L. E. Thomas, all of Miami, for defendant.

JOE EATON, Circuit Judge.

This cause came on to be heard on final hearing on a complaint to enjoin the clerk of the circuit court from issuing a tax deed on certain property and for declaratory relief. The clerk, in his answer, has also asked for declaratory relief.

The controversy between the parties arises out of the proper construction of § 194.02 and §§ 194.15 - 194.21, Florida Statutes 1959. Factually there is no dispute. Plaintiff has sufficient interest in the lands in question to entitle him to redeem them. He was unable to make actual tender before the sale required by § 194.21, although by telephone he indicated an intention to redeem. Plaintiff has, since the sale, attempted to redeem, claim-

ing that under § 194.02 he has a right to do so until the tax deed issues. The clerk and the purchaser take the position that the enactment of §§ 194.15 - 194.21 rendered § 194.02 obsolete, since the newer enactment envisages an entirely different procedure for applying for and obtaining a tax deed. The clerk and the purchaser further contend that there is an indication in Ozark v. Pattishall, 185 So. 333, that the time of the sale is the legal date of the tax deed, although as a matter of administrative practice the actual deed does not issue until some later time. Because of this litigation the clerk has not issued the deed.

The particular legal point involved is a fine one and apparently one of first impression in Florida. The current statutes with which we are mainly concerned are set out below —

*193.54 Sale of lands for unpaid taxes.*—On the day designated in the notice of sale, at twelve o'clock, noon, the tax collector shall commence the sale of those lands on which taxes have not been paid as aforesaid, and shall continue same from day to day until each parcel thereof shall be sold to pay the taxes, interest, costs and charges thereon, and in case there are no bidders each parcel shall be bid off by the tax collector for the county, and the tax collector must offer all such lands as assessed.

*194.02 Lands sold to purchaser other than county may be redeemed.*—

(1) Any person, or agent of any person, owning or claiming such lands sold for taxes, or any part or parcel thereof, or any interest therein, or the creditor of any such owner or claimant may redeem the same at any time after such sale and before a tax deed is issued therefor, by paying to the clerk of the circuit court of the county wherein such land is situated the face of the certificate of sale, or such portion thereof as the part or interest redeemed shall bear to the whole, and interest thereon from the date of the certificate, together with the fee of fifty cents for the clerk for each certificate or part of certificate so redeemed. * * *

*194.15 Application for obtaining tax deed by holder, other than the county, of tax sale certificate; fees.*—On and after April 1, 1943, tax deeds on real estate sold for nonpayment of the taxes thereon may be obtained by the holder of a tax certificate, other than the county, in the following manner: The holder of any tax certificate may at any time after two years have elapsed since April first of the year the tax became delinquent (except that on certificates issued pursuant to the 1940 assessment the period shall be two years from the date of the certificate) file such certificate with the clerk of the circuit court of the county in which the lands described in such certificate are located, notifying the clerk that he desires the lands described therein, or any part thereof capable of being readily separated from the whole, advertised for sale; provided, further, this section shall not apply to tax certificates issued prior to 1941. * * *

*194.16 Notice, form of publication for obtaining tax deed by holder, other than county.*—Upon the receipt of the application as provided by § 194.15 and after the proper fees have been paid, the clerk shall cause a notice in substantially the following form to be published once each week for four successive weeks (four publications each one week apart) in some

newspaper of general circulation published in the county where the lands are located; or if there be no newspaper published in such county, then such notice may be posted the same length of time at the courthouse door and in two other public places in the county. As many tax certificates may be included in the notice as the applicant desires:

### FORM OF NOTICE

### NOTICE OF APPLICATION FOR TAX DEED

Notice is hereby given that.........................................................................................., the holder of the following certificates has filed said certificates for a tax deed to be issued thereon. The certificate numbers and years of issuance, the description of the property, and the names in which it was assessed are as follows:

Certificate No..............................Year of Issuance................................
Description of Property..................................................................................
Name in which assessed................................................................................
(If more than one certificate, follow above order for each additional certificate.)

All of said property being in the County of........................, State of Florida.

Unless such certificate or certificates shall be redeemed according to law the property described in such certificate or certificates will be sold to the highest bidder at the court house door on the first Monday in month of........................, 19......, which is the............day of........................, 19.......

Dated this...............day of..............................., 19.......

............................................
Clerk of Circuit Court of

............................County, Florida.

Historically speaking, the provisions that the tax collector sell tax-delinquent lands, which become delinquent on April 1 of each year, and issue tax certificates to the purchasers, have been in our law with only minor modifications for many years.

Redemption has always been allowed but there have been various changes made in method and time allowed for redemption. The present provisions, in § 194.02, Florida Statutes 1959, have remained practically unchanged since 1901.

The method of obtaining a tax deed also has varied. The method in use under the ancestors of § 194.02 provided substantially as follows —

CGL 1000 (RS 776; GS 574) *Notice of application for tax deed.*

No tax deed for lands sold for taxes shall issue until the clerk of the circuit court shall have given at least thirty days' previous notice of the application for a deed by publishing the same once a week in some newspaper in the county, or if no newspaper be published in the county, then

by posting such notice at least thirty days at the courthouse door, and at two or more public places in such county, and all fees and expenses of notice shall be paid in advance by applicant for deed. Such notice shall be substantially in the form following:

CGL 1001 (RS 777; GS 575) *Form of notice.*

Notice is hereby given that ..................................................... holder of tax certificate No. ............ dated the ............ day of ....................................... A.D., 19............, has filed said certificate in my office and has made application for tax deed to issue thereon in accordance with law. Said certificate embraces the following described property situated in ................................... County, Florida, to wit: .................................................................................

Unless said certificate shall be redeemed according to law, tax deed will issue thereon on the .................... day of ..................................A.D., 19........

Dated this ........................ day of .....................................................................

\* \* \*

CGL 1003 (RS 779; GS 577) *Manner of obtaining tax deed.*

The holder of any tax certificate at any time two years after the date of its issue, may obtain a tax deed to the land therein described by application to the clerk of the circuit court of the county wherein such land is situated as provided by law, and the surrender of such certificate and the payment to the clerk of the proper amount for the redemption or surrender of all other outstanding certificates covering said lands, and the payment to the clerk of a fee of fifty cents for each certificate then redeemed, and for searches ascertaining all outstanding certificates, a fee of fifty cents for the oldest tax sale and a fee of fifteen cents for each subsequent tax sale at which said land was sold, or subsequent omitted tax year, and a fee of one dollar for the issue of the deed and ten cents for each additional description of land embraced in any one deed; which deed shall be prima facie evidence of the regularity of the proceedings from the valuation of the land by the assessor to the deed inclusive. All tax deeds shall be issued by the clerk of the circuit court of the county wherein the lands conveyed are situated, and shall be in substantially the form following:

[There follows a form of tax deed.]

Under those provisions there was no sale other than that held by the tax collector. The certificates must have been issued at least two years prior to the application for a deed.

In 1935, the forerunners of §§ 194.15 - 194.21 came into the law changing the method of obtaining a tax deed and requiring a sale by public auction of the lands covered by the tax certificates purchased two years prior thereto. The crux of the whole dispute in this case is whether or not the changed procedure with its statutory form of notice (§ 194.16 supra) either constitutes the date of the public sale as the cut-off date of the right to redeem,

or in any event constitutes the date of sale as the legal date of issuance of the tax deed so as to end the right of redemption under § 194.02 — even though as a practical matter the deed is not issued until some later date.

In cases since 1935 (Banks v. Shaw, 198 So. 341, 1940; Pinellas County v. Banks, 19 So. 2d 1, 1944), it has been stated that the owner has until issuance of a valid tax deed to redeem. From several other cases (Lance v. Smith, 167 So. 366, 1936; Hull v. State, 11 So. 97; Fountain v. McCaskill, 114 So. 511; Dolores Land Corp. v. Hillsborough County, 68 So. 2d 393, 1953) we learn why this is so. As stated as long ago as Gault's Appeal (1859), 33 Pa. St. 94 at 99, cited with approval by our Supreme Court in Hull v. State, supra — "Now with what propriety of speech can this be called a sale prior to the date [of enactment] of the act? A deed was essential to the consumation of the sale. Until that was made and delivered by the sheriff, the sale was liable to be set aside by the court, under whose process it took place," or the more modern Dolores Land Corp. v. Hillsborough County, (1953), supra, quoting from Lance v. Smith, supra — "The delivery of the deed is the final act of its execution and marks the period of date when title passes from the state to the applicant for the deed." Thus it was not just coincidental that the issuance of the tax deed was made the critical point in time by the legislature. See also the annotation in 166 A.L.R. 853, citing Lance v. Smith, supra.

There are certain other factors which are of some significance. The legislature since 1935 has not amended § 194.02 so as to bring it into conformity with the new tax deed procedure. In the 1935 act certain specific former sections were repealed, but the forerunner of § 194.02 was not repealed. By Acts of 1941 Chapter 20722 § 58, Chapter 17457 Acts of 1935, §§ 1 through 10 were repealed (these sections dealt with the new tax deed procedure) and were reenacted in substantially the present form by §§ 20 through 33 of the 1941 Act. By the same section § 58 of Acts of 1941, Chapter 20722, § 770 of Revised General Statutes (dealing with redemption) was repealed, and by § 19 of the 1941 Act, was reenacted in substantially the same form as the present § 194.02. Thus, as late as 1941 the legislature saw no repugnancy between the tax deed procedure and the redemption provisions, reenacting both by the same act. § 194.02 is not necessarily inconsistent with § 194.21. There is no repugnancy on the face of the sections. In most of the sections of the tax law the final act which cuts off the owner's right to redeem is the delivery of the tax deed. Where some other time (as in the foreclosure procedure or in special city charters) is the cut off date, such date is specifically provided by the legislature. Had the legislature intended the sale to

be the cut-off date, it could have easily provided therefor. (Cf. Burns v. Lucian, 33 So. 2d 652).

This does not quite answer the contention that the date of the sale is the legal date of the tax deed. I am not convinced that such is the law. A close reading of Ozark v. Pattishall (1939), supra, shows that what the court, in discussing the question of time for publishing the statutory notice, said was — "Before the 1935 law, there was no time limit in which the deed had to be issued after notice was published. There was, of course, no public sale on a specified day of the month as under the 1935 law, and deed might issue at any time of the month. It was, no doubt, the purpose of this portion of Section 6 simply to fix a limit of time between the last publication and the day of sale where previously there had been no such limit fixed."

This is not at all the same as saying the date of sale is the legal date of the deed, in view of the cases holding that delivery is the necessary final act to make a deed valid.

Our Supreme Court has taken a liberal view in protecting the rights of redemption (Mirabella v. Kickliter, 113 So. 2d 397; Fountain v. McCaskill, 114 So. 511; Messer v. Lang, 176 So. 548; Montgomery v. Gipson, 69 So. 2d 305). There is no inconsistency on the face of the applicable sections, no express indication of legislative intent to repeal the redemption provisions, and no facts from which an implied repeal can be found. Therefore, it would be judicial legislation to hold that the words "at any time . . . . before a tax deed is issued therefor" used in § 194.02 really mean — "any time before sale at public auction." Mr. Justice Terrell wrote years ago in a landmark Florida case (which is not otherwise in point) — "It is the duty of courts to construe and declare the law as the legislature pronounces it. When we attempt to construct or add to it, we are no more than meddlers." I agree. A change in the statutory procedure having to do with redemptive rights under § 194.02 might be generally desirable. It certainly would be helpful to those called upon to administer the law. But if change is to come, it must properly come through legislative enactment — not judicial fiat.

Since the clerk has offered in its pleading to comply with the order of the court, no injunction will be necessary.

Therefore, it is adjudged and decreed that there is no repugnancy between section 194.02 and sections 194.15 - 194.21 and that section 194.02 is to be literally construed as meaning that redemption is allowed until the tax deed actually is issued.