JULIA HENDERSON v. E. B. LEATHERMAN.

163 So. 310.
Opinion Filed January 24, 1935.
Appeal Dismissed September 28, 1935.

498

*John M. Murrell,* for Appellant;
*Albert B. Bernstein* and *Bart A. Riley,* for Appellees.

PER CURIAM.—Mrs. Julia Henderson, widow of Parker A. Henderson, brought a bill against the Clerk of the Circuit Court, Dade County, seeking to enjoin the issue of tax deeds upon tax sale certificates issued for the non-payment of

State and county taxes upon real estate which her husband had devised in trust, she being a beneficiary of the trust estate.

It is alleged that the assessment of the property for taxation "is not in accord with the provisions of Article IX of the Constitution of the State of Florida governing such assessments, and does not represent the FULL CASH VALUE of said property; that said assessments are unequal, excessive, unjust, oppressive and is discriminatory against said property and the owner thereof, as compared with other assessments made on other property of the same class, and does not bear the same ratio to its cash value as assessments made upon said assessment roll upon other property throughout the City of Miami bear to the full cash value of said property; that said assessment is made arbitrarily and without due regard to the real full cash value of said property, and that in assessing said property for the purpose of said taxes, the Tax Assessor of Dade County, Florida, intentionally, deliberately, willfully, knowingly, arbitrarily and systematically refused and neglected to assess a large amount of personal property amounting in the aggregate to several millions of dollars then and there liable to assessment by the said Tax Assessor, for the purposes of State and county taxes for the years for which the property of the Estate of Parker A. Henderson was actually assessed by the said Tax Assessor as aforesaid. And that the said Tax Assessor deliberately, willfully, intentionally and arbitrarily valued the said property belonging to the Estate of Parker A. Henderson, deceased, for taxation purposes for the year 1929 for State and county taxes, at a higher percentage of values than on other property of other persons of like character and situation, and that the values fixed by the said Assessor on the said property of

the Estate of Parker A. Henderson, deceased, and said other persons, were not based upon any percentage of the actual cash value of the property assessed, but the said properties were capriciously set down as having an arbitrary value that had no relation to the actual cash value of said properties, and violates Article IX of the Constitution of the State of Florida, and Section 905 of the Compiled General Laws of Florida, 1927, Ann., which provides that all lands 'shall be assessed at their FULL CASH VALUE,' and that plaintiff has been thereby deprived of her property without due process of law, and has been denied the equal protection of the laws, all in violation of Section 1 of the Fourteenth Amendment to the Constitution of the United States of America.

"* * * that she is neither the Executor nor Trustee of said Estate and it is not due to her mishandling or negligence of the funds of said Estate that said taxes were not paid, and that said property was sold for taxes, but as above set forth, she is one of the beneficiaries under the Last Will and Testament of said Parker A. Henderson, deceased, and if these tax deeds are issued by the Clerk of the Circuit Court of Dade County, Florida, she will be irreparably injured and damaged, and this property will be wholly lost to said Estate of Parker A. Henderson, deceased, and to this plaintiff and other beneficiaries of said Estate.

"* * * that as such beneficiary under the Last Will and Testament of Parker A. Henderson, deceased, that the management and control of said Estate is entirely out of her hands, and the final settlement of said Estate has never been made; that the title to said property is not in this plaintiff, but as above stated, she is a beneficiary only, without power or authority to manage or control said Estate; that the legacies which were willed to her outright are tied up

in litigation and are beyond the control of the plaintiff, and as final distribution has not been made of said Estate, it is not her duty to pay said taxes, and at this time she is absolutely without funds and is financially unable to pay or tender into this Honorable Court, the sums of money so assessed as taxes against the above described property. * * *

"Plaintiff has not tendered into Court and filed with this bill of complaint the full amount of any taxes due on the said properties belonging to the Estate of Parker A. Henderson, deceased, as aforesaid, because she does not admit that any part of the taxes assessed against the said property as aforesaid to be legal and due by her, and she has not filed with this bill of complaint a receipt showing payment of the same prior to the institution of this suit for the same reason, and she denies that any part of such taxes are due by her. On the contrary, she avers that all of said taxes are null and void, and that no part is legal and due, and that she does not owe any part thereof. * * *

"That, the First Trust & Savings Bank, a Florida Corporation, with its principal place of business in Dade County, Florida, is, by virtue of its nomination in the last Will of Parker A. Henderson, deceased, and Letters Testamentary regularly issued to it, on August 1, 1925, by the County Judge of Dade County, Florida, and its acceptance thereof, the duly appointed, qualified and acting Executor of the Last Will and Testament of the said Parker A. Henderson; that, prior to the filing of the Bill in this cause, the said First Trust & Savings Bank, as such Executor, had full knowledge of all the facts alleged in the said Bill, and Plaintiff requested the said Executor to file a Bill against the defendant herein to enjoin the issuance of a tax deed or tax deeds conveying the property described in the said Bill, for the reasons alleged in the said Bill, but the

said Executor refused to do so; and it was because the said Executor refused to do so that the Plaintiff, in her own name, filed the said Bill, being otherwise remediless in the premises."

A temporary injunction was granted without bond.

F. B. Palbicke and W. T. Roberts, holders of tax sale certificates against the land were allowed to intervene as defendants. The executor of complainant's decedent was made a defendant.

The defendant Clerk of the Circuit Court filed an answer denying that the taxes are void and avers that said taxes are legal and due, with a motion to dismiss the bill of complaint as being without equity.

The intervenors' moved to dissolve the temporary injunction and to dismiss the bill of complaint on grounds going to the equity of the bill.

By answer the defendant executor averred "that the reason why it refused to institute the said suit is that it was without funds in its capacity as Executor to employ Counsel and pay the other expenses incident to such suit, and, through its Vice-President, suggested to the Plaintiff's Counsel that the said suit should be brought by the Plaintiff through her own counsel."

The court dissolved the temporary injunction and dismissed the bill. Complainant appealed.

For the complainant it is argued that the allegations of the bill of complaint show an equity for a permanent injunction against the issue of the tax deeds.

The law impresses a lien upon taxable real estate for the taxes due thereon; and such lien continues until discharged by payment of the taxes or by redemption of tax sale certificates issued for non-payment of taxes or as may be otherwise provided or adjudged under the law.

Failure of the owner or others whose duty it may be, to pay taxes, whether from inadvertence or design or lack of funds or otherwise, does not affect the right of the State to enforce collection of taxes by a sale of the property, even though it results in a loss of the property to the owner or to his or her estate or to the beneficiaries of the property under a will or otherwise. And a failure to act by those whose duty it may be to make due complaint and seek appropriate redress when property is supposed to be erroneously or excessively or unfairly assessed for taxation, does not afford to a beneficiary of the property a right to permanently enjoin the due execution of tax deeds upon the property that is subject to a tax lien, even though such beneficiary had no control over the property or is without means to pay the taxes and even though the issue of tax deeds thereon may result in a total loss of the property to the intended beneficiaries.

Where taxes have not been paid upon property that is subject to taxation and upon which a lien is by statute impressed for taxes, and tax sale certificates upon the land have been issued upon a sale for non-payment of taxes, and no steps duly taken to have the propriety of the assessment adjudged or determined before application is made under the statute for a tax deed upon matured tax sale certificates, equity will not enjoin the issue of tax deeds unless it be clearly shown that the land was not subject to taxation or that the taxes have been paid or that the tax lien does not exist or has been otherwise satisfied under the law.

Persons interested in the land may under the statute redeem the tax sale certificates at any time before the issue of a tax deed to the land. This is the statutory remedy afforded where lands are sold for the non-payment of taxes.

If the assessment had been duly challenged upon grounds that are indicated by the very general allegations of the bill of complaint as to unjust discrimination or arbitrary action of the tax assessor, the merit of justness of the complaints could have been determined by the administrative agencies provided by statute or the legality of the assessments could have been adjudicated by due course of law, before the tax rolls were closed or before the sale of the lands for non-payment of taxes assessed.

After others have paid taxes for the year and tax sale certificates have been issued for unpaid tax assessments, the lands may be redeemed before tax deeds are issued and the law does not contemplate a cancellation of tax sale certificates duly issued, when the propriety of the assessments was not promptly and duly challenged upon grounds affecting the propriety of the assessment.

It is not alleged that the lands were not subject to taxation or that the taxes have been paid. Complainant does not offer to pay taxes due even if that would avail when by law the tax sale certificates may be redeemed before tax deeds are issued.

As the statutes provide for redemptions at any time before tax deeds are issued, the remedy at law given by statute does not contemplate that equity shall stay permanently the statutory proceedings for enforcing tax payments upon land subject to taxation, particularly when statutory steps to determine the propriety of the assessments were not duly taken. Hardships resulting from particular applications of statutory provisions do not ordinarily give to courts of equity authority to stay proceedings prescribed by statute to enforce the payment of taxes upon lands that are subject to taxation and the propriety of the assessments are not duly challenged for determination or adjudication,

and the statute provides for redemption of the lands from tax liens at any time before title passes under tax deeds. If charges and penalties are incurred because taxes are not paid when they become due and if redress for supposed erroneous or excessive assessments is not duly sought, equity is not thereby authorized to permanently enjoin statutory proceedings for collecting delinquent taxes that are liens upon the land until the taxes are paid or the tax lien otherwise satisfied in due course of law. See Ranger Realty Co. v. Hefty, 112 Fla. 654, 152 Sou. 439; Hackney v. McKinney, 113 Fla. 176, 151 Sou. 524; German Am. Lumber Co. v. Barbee, 59 Fla. 493, 52 Sou. 292; Lee v. Booker & Co., 108 Fla. 534, 146 Sou. 546; Gibson v. Central Farmers Trust Co., decided September 18, 1934.

While all the above is well settled, it is also true that there are cases in which, when a court of equity is resorted to, equity and good conscience will demand that the court assume jurisdiction to preserve the elements of justice. The last will and testament of Parker A. Henderson, deceased, is attached to and made a part of the bill of complaint in this case. By amendment to the bill of complaint First Trust & Savings Bank, as Executor of that will, was made a party.

This Court construed the force and effect of this will in the case of Julia A. Henderson v. First Trust & Savings Bank as Executor, 107 Fla. 212, 144 Sou. 415. The will, amongst other things, contained the following clause:

"ITEM THREE: With a view to carrying out of my further wishes concerning the disposition of my Estate after my death, I do hereby name, constitute and appoint the First Trust & Savings Bank of Miami, Florida, a banking corporation duly organized and existing under and by virtue of the laws of the State of Florida, and qualified, as

Executor under this my Last Will and Testament, and also as Trustee of all Trust Funds herein specifically created and all other items hereunder contemplated as item in Trust, and I do hereby clothe my said Executor and my said Trustee, in their respective capacities, with full power and authority to make sales of any of my property when in the judgment of my said Executor or Trustee it shall appear for the best interests of my Estate, and to execute all papers, instruments and documents of every kind and character necessary and incident to any and all such sales, including deeds, satisfactions, releases, receipts, assignments, bills of sale, mortgages, which said Estate from time to time as such funds become available, all without first obtaining authority from the Probate Court or Judge or other Judicial Tribunal having jurisdiction in the premises, and without thereafter procuring the ratification of any such acts by any Probate Court or Judge, or other Judicial Tribunal having jurisdiction in the premises, and all persons paying money or delivering any thing or things of value unto my said Executor or my said Trustee, as the case may be, are hereby relieved of all concern and responsibility as to the application or distribution of any such funds or things of value so paid or delivered:

"Item Four: Expecting my said Executor to carry out the provisions of this my Last Will and Testament insofar as it shall be proper under the law, and until my estate shall have been settled according to law, and bearing in mind the provisions of 'Item Two' of this Will, 'Item One' also, I give, will, devise and bequeath the entire balance, remainder and residue of my Estate unto the Trustee named in 'Item Three' hereof, but in Trust, However, to be handled as follows:"

The Executor filed an answer which practically admitted

all the allegations of the bill of complaint and gave as a reason or excuse for not having paid the taxes that it, as Executor, was without funds with which to pay the same.

So it is that the pleadings here show: that the title to the property involved here passed by the Will to the Executor-Trustee with power to sell and dispose of the same for the benefit of the Estate without Order of Court and without limitation of any sort; that as a part or parcel of said Estate, there were six lots or parcels of land which were assessed at an aggregate value of $33,200.00, the taxes assessed being in the sum of $4,697.79.

Now, it is a matter of common knowledge that lands nowhere in this State are assessed for State and county purposes for more than 50% of their cash value. So here was at least some Sixty Thousand Dollars' worth of property which had been sold for the unpaid taxes in the sum of less than Five Thousand Dollars and yet, the Executor-Trustee, with full power and authority to sell any of the said land for the benefit of the Estate, and being a defendant in this cause, failed to make any showing that any effort had been made to save or conserve a part of the corpus of the Estate by selling off a part of it to meet the obligations imposed by taxation against the property. It cannot be said that the complainant, Mrs. Henderson, was derelict in her duty in not paying the taxes because no duty rested upon her to pay the taxes. She has only a potential interest in the property and yet she has the right to have the potential interest protected from entire waste and loss. A court of equity, when appealed to, should require that to be done by parties who are brought into the litigation which equity and good conscience require should be done.

Section 28 of 1931 Chancery Practice Act provides:

"Every bill of complaint shall be construed to pray for general relief."

In Phifer v. Abbott, 73 Fla. 402, 74 Sou. 488, this Court held:

"If an equity appears from the allegations of the bill of complaint, defects, if any, in the prayer do not render the bill insufficient for the appropriate relief or open to attack by demurrer.

"Though the allegations of a bill of complaint be abstract and general and largely in the nature of asserted conclusions, yet if under the allegations a case entitling the complainant to relief as prayed can be made by appropriate and sufficient evidence, a general demurrer to the bill of complaint should be overruled.

"In passing upon a demurrer to the whole bill in a suit in equity, every presumption is against the bill, but it is also true that such a demurrer operates as an admission that all the allegations in a bill which are well pleaded are true, and a demurrer to the whole bill should be overruled if the bill makes any case for equitable relief."

In the Fla. Southern R. R. Co. v. Hill, 40 Fla. 1, 23 Sou. 566, it was held:

"Where the pleader is in doubt as to whether he is entitled to one kind of relief, or another, upon the facts alleged in a bill in equity, he may frame the prayer in the alternative so that if he is not entitled to the one, he may obtain the other. If, in such case, upon the allegations of the bill the complainant is entitled to either kind of relief prayed, the defendant cannot demur because he is not entitled to the other; the remedy being to insist at the hearing that complainant be confined to such relief only as he is entitled to under all the circumstances of the case as then presented."

The authorities appear to well establish the rule that if a bill states a case entitling the plaintiff to any relief under any special prayer, or under the implied prayer for general relief, it should not be dismissed. See McCarthy's 1931 Chancery Act of Florida, Annotated, page 54.

The bill in this case was filed on the 29th day of December, 1932. The 1931 Chancery Practice Act became effective October 1st, 1931.

Now the holders of valid tax sale certificates should not be precluded permanently from realizing that which the law allows them to expect on their investment in such certificates. Neither should the whole of an estate be lost to the beneficiaries because the Executors or Trustees who have assumed the trust imposed upon them by Last Will and Testament have seen fit to sit idly by and allow the estate to be lost to the beneficiaries because of the non-payment of taxes.

When taxes became due and payable and there were no funds in the hands of the Executor-Trustee with which to pay same, it became the duty of such Executor-Trustee, or, in this case, the Executor, to dispose of so much of the property as was necessary to pay the taxes and save the balance of the estate and when this condition appeared of record in this cause we think that instead of revoking the temporary restraining order and dismissing the bill of complaint that the restraining order might have been modified, and if it was, then the Chancellor should have entered an order requiring the Executor to sell so much of the corpus of the estate as should be required to pay the tax on the whole and to preserve the remainder for the beneficiaries; and in the order should have fixed a reasonable time in which the Executor should make such sale, reserving jurisdiction to approve such sales or to extend the time upon

proper showing for making the same. Thereby the rights and equities of all parties would have been preserved. The order should have contained a provision that no particular parcel of the land should be sold for less than a sufficient sum to pay off and discharge the tax liens against that parcel. The certificate holders would have retained their lien evidenced by the certificates with interest continuing to run while the beneficiaries under the Will who are not responsible for the non-payment of the taxes, would not be required to lose all the estate upon which taxes are due because of the non-payment of such taxes by the Executor at least until such time as the Court might determine that no part of the involved lands could be sold for sufficient funds to pay the taxes, costs and penalties incident thereto.

Under the facts in this case, the Chancellor would have been justified in continuing the restraining order for the purpose of having the Executors holding possession of and making sale of such part of the property as might be found necessary to procure funds with which to pay the delinquent taxes, costs and penalties.

For the reasons stated, the decree appealed from is reversed with directions that further proceedings be had not inconsistent with the views herein expressed.

It is so ordered.

Reversed.

WHITFIELD, C. J., and ELLIS, BROWN and BUFORD, J. J., concur.

TERRELL and DAVIS, J. J., concur in the conclusion.

PER CURIAM.—In this case, pursuant to the opinion filed herein on January 24, 1935, the appellee, First Trust Company of Miami, formerly known as First Trust & Savings

Bank of Miami, Florida has filed motion for modification of that opinion.

There has also been filed here a stipulation consenting to the modification of the opinion as prayed in the petition signed by the solicitor for the appellant.

It appears to the Court that to modify the opinion filed here will require a reconsideration of the case in the light of representations which have been made by the appellee and apparently conceded by the appellant. Therefore, the Court now orders a rehearing of the cause.

At any time within ten days from the filing of this order counsel for the respective parties may file additional briefs and at the expiration of said ten-day period this case will again be taken up by the Court for final disposition.

So ordered.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.