LYLE A. LYMAN, v. R. L. SMITH, I. WALTER HAWKINS, Clerk of the Circuit Court Volusia County, and PINES REALTY COMPANY, INC., a dissolved Florida corporation, and all unknown persons or parties claiming through or under or from said corporation.

188 So. 337.

Division A.

Opinion Filed April 21, 1939.

*Ray Selden,* for Appellant;
*Hull, Landis & Whitehair,* for Appellees.

BUFORD, J.—The appeal brings for review order dismissing bill of complaint the purpose of which was to cancel the redemption of a tax sale certificate which is shown by the allegations of the bill of complaint to have been redeemed by appellee R. L. Smith.

The allegations of the bill show that the record owner of the land was Pines Realty Company, Inc., a Florida corporation which had been dissolved by Proclamation of the Governor on the 14th day of December, 1936, under authority of Chapter 16880, Acts of 1935. The certificate of the Secretary of State attached to and by apt words made a part of the bill shows that at the time of the dissolution R. L. Smith was President and Director of said corporation and that his address was 144 Magnolia Avenue, Daytona Beach, Florida.

So, the bill shows on its face with the exhibits made parts thereof that the record owner was a dissolved corporation of which R. L. Smith, who redeemed the tax sale certificate, was President and Director at the time of the dissolution of the corporation.

The controlling question is, May the President of a dissolved corporation redeem tax sale certificates issued against lands of which the corporation was record owner at the time of corporate dissolution?

Section 770 R. G. S., 985 C. G. L. as amended by Section 9 of Chapter 14572 Extra Session 1929, *inter alia,* provides:

"Any person or agent of any person, owning or claiming such lands sold for taxes, or any part or parcel thereof, or any interest therein, or the creditor of any such owner or claimant may redeem the same at any time after such sale and before a tax deed is issued therefor, by paying to the

clerk of the circuit court of the county wherein such land is situated the face of the certificate of sale, or such portion thereof as the part or interest redeemed shall bear to the whole, and interest thereon together with the fee of fifty cents for the clerk of each certificate or part of certificate so redeemed." * * *

This Section has been construed in Fountain, *et al.,* v. State, *ex rel.* McCaskill Inv. Co., 94 Fla. 745, 114 Sou. 511; Washbish, *et al.,* v. Elvins, *et al.,* 114 Fla. 575, 154 Sou. 315; Henderson v. Leatherman, *et al.,* 120 Fla. 496, 163 Sou. 310; Messer v. Lange, 129 Fla. 546, 176 Sou 548.

Chapter 16880, Acts of 1935, provides:

"Section 9. The directors of any corporation dissolved under the provisions of this Act shall be Trustees for any property that may be owned by such corporation and shall handle and dispose of the same for the benefit of the stockholders but the corporation as such, after being dissolved, shall have no corporate rights or be authorized to transact any business as a corporation."

So it is apparent from the allegations of the bill that the redemption of the tax sale certificate was made by a trustee of the property of the dissolved corporation whose duty it was to redeem the same for the benefit of the stockholders of the record title owner.

We can not see how any amendment of the bill of complaint could have overcome the showing made by the record and certainly there was no tender of any amendment which would change the necessary result of the litigation.

The order is affirmed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as au-