ESTATE OF CHARLES A. BICKERSTAFF, MABEL H. BICKERSTAFF, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97205.[1] Promulgated May 13, 1941.

*M. E. Kilpatrick, Esq.*, for the petitioner.
*J. Marvin Kelley, Esq.*, for the respondent.

OPINION.

TYSON: The income tax deficiency here in controversy, in the amount of $710.41 for the calendar year 1935, results from the respondent's disallowance of a deduction of $3,500 claimed on the 1935 income tax return of Charles A. Bickerstaff as a loss sustained upon his abandonment of certain real property in that year. Petitioner assigns error in such disallowance.

The proceeding has been submitted upon a stipulation of facts embracing certain exhibits, which stipulation we adopt and, by reference, incorporate herein as our findings of fact. There are set forth herein only such of those facts as we deem necessary to our decision.

The petitioner, a resident of Atlanta, Georgia, is the executrix of

---

[1] Entered as a memorandum opinion October 26, 1940.

the estate of Charles A. Bickerstaff, deceased. The latter will be hereinafter referred to as Bickerstaff.

In August 1925 Bickerstaff paid the full purchase price of $3,500 for, and thereupon became the owner of, certain unimproved real estate known as lot 10, block 10, Manatee County, Florida.

The state and county taxes on that property were not paid for the years 1932, 1933, 1934, and 1935. At the end of the latter year such accrued taxes, with interest, amounted to approximately $75. The assessed value of the property was $100.

In 1933 a tax certificate was issued to the Treasurer of the State of Florida for the delinquent taxes for 1932. That certificate was held by the state for more than two years and then sold to Mrs. M. J. Mooney. On January 4, 1937, the state executed to Mrs. Mooney a deed to the property in question.

On December 24, 1935, Bickerstaff executed what purported to be a quitclaim deed, embracing the property here in question, to the tax collector of Manatee County, Florida. Such deed, together with a letter dated December 24, 1935, was mailed to and was received by the tax collector during December 1935. The deed was retained by the tax collector, but was not recorded on the county records because it had not been properly attested, in that there was only one witness thereto. In his letter Bickerstaff stated that he desired to "stop further tax payments" on the property and that the tax collector was "fully authorized by this quit claim to sell the lot for any amount of taxes due" thereon. Thereafter, Bickerstaff did not, at any time, exercise or attempt to exercise any ownership or control whatsoever over that property.

The petitioner contends that Bickerstaff sustained a deductible loss of $3,500 in 1935 through abandonment of worthless property in that year. The respondent contends that the quitclaim deed was invalid; that there was no actual abandonment of the property in 1935; and that the loss of Bickerstaff's investment of $3,500 was sustained in 1937 upon the expiration of his equity of redemption at the time the state's deed was issued to Mrs. Mooney in that year.

An application of the statutes of the State of Florida, as construed by numerous decisions of the courts of that state, to the facts in the instant case results in the following conclusions of law: The tax certificate issued to the state in 1933 evidenced a lien on the property in question superior to all others. Bickerstaff had a right of redemption within two years from the date of the issuance of such certificate by payment of the full amount of the taxes due, plus interest thereon, costs, charges, and penalties as prescribed by statute. The state's sale of the tax certificate to Mrs. Mooney, after a lapse of the two-year redemption period, constituted a sale of state property and she, as the owner of such tax certificate, then had a right under one of

several statutory methods of procedure to enforce a conveyance of the property to her unless the tax certificate was duly redeemed. *Ridgeway* v. *Reese*, 100 Fla. 1304; 131 So. 136; and *Ridgeway* v. *Peacock* (Fla.), 131 So. 140. Despite the lapse of the statutory two-year redemption period at some time during 1935, Bickerstaff had the further statutory privilege of redemption at any time before the state's deed was actually issued to Mrs. Mooney in 1937. *Ridgeway* v. *Reese*, *supra*; *Ridgeway* v. *Peacock*, *supra*; *Henderson* v. *Leatherman*, 120 Fla. 496; 163 So. 310; *Washbish* v. *Elvins*, 114 Fla. 575; 154 So. 315; *State* v. *Leatherman*, 99 Fla. 899; 128 So. 21; and *Fountain* v. *State*, 94 Fla. 746; 114 So. 511. Since Bickerstaff's quit-claim deed, executed on December 24, 1935, did not have at least two subscribing witnesses thereto as required by the Florida statutes, such deed was invalid, *Adams* v. *Whittle*, 101 Fla. 705; 135 So. 152; *Barclay* v. *Bank of Osceola County*, 82 Fla. 72; 89 So. 357; and *Parken* v. *Safford*, 48 Fla. 290; 37 So. 567, and did not effectuate a termination of Bickerstaff's statutory right of redemption which, accordingly, remained in force up until the state actually issued its deed to Mrs. Mooney in 1937.

Petitioner relies principally upon the decisions in *W. W. Hoffman*, 40 B. T. A. 459, and *Rhodes* v. *Commissioner*, 100 Fed. (2d) 966, to support the contention that even if Bickerstaff retained title to the property in question until 1937, he, nevertheless, sustained a deductible loss of his investment therein in 1935 because the property had become worthless and was abandoned by him in that year and his retained title was devoid of value.

In our opinion the facts in the instant case do not bring it within the rationale of the above cited cases, for the stipulated facts herein do not establish actual worthlessness of the property and an abandonment thereof in the taxable year 1935. The record herein merely shows that the accrued taxes, with interest, amounted to $75 and that the assessed value of the property was $100. In *Henderson* v. *Leatherman*, *supra* (decided in 1935), the Supreme Court of Florida said: "Now, it is a matter of common knowledge that lands nowhere in this state are assessed for state and county purposes at more than 50 percent of their cash value." There are no facts of record as to the actual value, or total lack of value, of the property during 1935. We are unable to make findings that the property in question was worthless in the taxable year and that Bickerstaff's retained title thereto was devoid of value and such findings are essential for petitioner to prevail in this proceeding. Furthermore, Bickerstaff's only effort to abandon the property was made through the execution of a quitclaim deed which was invalid and ineffectual. Throughout the taxable year 1935 Bickerstaff possessed an equity of redemption

of the property in question and there did not occur during that year any identifiable event of sufficient character to establish a deductible loss of his investment therein.

In our opinion the instant proceeding is controlled by our decisions in *Frederick Krauss*, 30 B. T. A. 62, and *Greenleaf Textile Corporation*, 26 B. T. A. 737; affirmed, per curiam, *Greenleaf Textile Corporation* v. *Commissioner*, 65. Fed. (2d) 1017, and, upon authority of those cases, we sustain the respondent's determination.

Reviewed by the Board.

*Decision will be entered for the respondent.*

LEECH concurs only in the result.

----

BLACK, dissenting: I think the petitioner should be allowed his loss for the year 1935, the year which is now before us, rather than to postpone it to some subsequent year when his title to the realty was completely extinguished.

I think the facts recited in the majority opinion show that for all practical purposes the property in question was worthless in 1935 and that decedent in that year clearly and unmistakably evidenced his intention to abandon it.

While, under the laws of Florida, decedent doubtless retained an equity of redemption of the property in question until 1937, nevertheless, where, as here, a taxpayer intends to and does in fact effectually abandon worthless property during the taxable year in question, the loss of his investment in such property is sustained and is deductible in that year as an ordinary loss, despite the retention of an equity of redemption which is devoid of value. *W. W. Hoffman*, 40 B. T. A. 459; affd., 117 Fed. (2d) 987. *Realty Operators, Inc.*, 40 B. T. A. 1051; petition for review dismissed March 20, 1941; *Park Chamberlain*, 41 B. T. A. 10; *Denman* v. *Brumback*, 58 Fed. (2d) 128; and *Rhodes* v. *Commissioner*, 100 Fed. (2d) 966.

Because of the foregoing reasons, I respectfully dissent from the majority opinion.

ARUNDELL agrees with this dissent.