**CRC CORPORATION, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

**CRC CORPORATION**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

**Nos. 82–3009, 82–3010.**

United States Court of Appeals, Third Circuit.

Argued Sept. 15, 1982.

Decided Nov. 16, 1982.

Thomas B. Rutter (argued), Thomas B. Rutter, Ltd., Philadelphia, Pa., for CRC Corp.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Ann Belanger Durney, George L. Hastings, Jr. (argued), Attys., Tax Div., Dept. of Justice, Washington, D.C., for C.I.R.

Before GIBBONS, WEIS and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

The Commissioner of Internal Revenue appeals from a decision of the United States Tax Court with respect to the federal income tax liability of CRC Corporation for the calendar year 1972. The taxpayer cross-appeals from that decision to the extent that it disallowed deduction of certain abandonment losses. At issue in the Commissioner's appeal is the tax treatment of deductions by a limited partner in an oil and gas drilling partnership. The Tax Court held that the deductions taken by the taxpayer were proper under the law applicable in 1972.[1] 73 T.C. 491.

We reverse that holding. The Tax Court also held that the taxpayer could deduct abandonment losses for abandonment of only parts of an oil and gas leasehold. We affirm that holding.

The Tax Court decision which we review disposed of the tax liability of CRC Corporation and that of another limited partner, Paul P. Brountas. Brountas appealed to the Court of Appeals for the First Circuit, which, on September 28, 1982, concluded that the Tax Court erred in permitting the deduction of drilling expenses in excess of the limited partner's actual investment in the partnership, but did not err in disallowing claimed abandonment losses. *Brountas v. Commissioner,* 692 F.2d 152 (1st Cir.1982). The facts in *Brountas* are identical with those in this case. In *Gibson Products Co. v. United States,* 637 F.2d 1041 (5th Cir. 1981), the court, dealing with a different limited partnership, but a fact pattern otherwise indistinguishable, reached the same conclusion with respect to deductibility of partnership expenses in excess of a limited partner's investment.

*Brountas, Gibson Products,* and this case all involve so-called leveraged leases. Under these arrangements an oil and gas operator assembles a package of leasehold inter-

---

ests, which he conveys to a limited partnership, for a cash payment and a nonrecourse note secured by a mortgage on the leaseholds and equipment used in resulting wells. Simultaneously, the operator enters into a fixed price no-out turnkey contract to drill wells, at no further cost to the investors. The operator also simultaneously obtains a completion joint venture option under which the operator can recover an interest in a completed well by remitting to the limited partners a portion of the cash consideration which they paid.

 On its 1972 return this taxpayer and Brountas deducted their pro rata share of expenses of the limited partnership, in excess of their respective cash investments, up to the full purchase price, including the nonrecourse notes. There is no question but that a taxpayer which has made a proper election may deduct all "intangible drilling and development costs" in the year incurred. 26 U.S.C. § 263(c) (Supp. IV 1980); Treas.Reg. § 1.612–4(a) (1965). Also, an accrual basis partnership can accrue as an expense future fixed obligations. Such deductions from income, for a partnership, flow through it to the partners. Thus the limited partners contend that they can deduct from other income losses resulting from whatever expense the limited partnership may accrue.

 The Internal Revenue Code, however, limits the share of partnership losses a partner may deduct to the amount of his basis in the partnership. 26 U.S.C. §§ 705, 722 (1976). Another provision of the Code states that "[a]ny increase in a partner's share of the liabilities of a partnership . . . shall be considered as a contribution of money. . . ." 26 U.S.C. § 752(a). The taxpayer is not liable on the nonrecourse note. It contends, however, in reliance on *Crane v. Commissioner,* 331 U.S. 1, 67 S.Ct. 1047, 91 L.Ed. 1301 (1947), that when property is acquired subject to a nonrecourse obligation secured by a mortgage on property acquired, the mortgage is the equivalent of a personal obligation, and the obligation will be recognized as part of the taxpayer's basis. Alternatively, the taxpayer contends that in any event 26 U.S.C. § 636 authorizes the contested deduction because the nonrec-

ourse note is a "production payment that is carved out of a mineral property."

The Tax Court rejected the taxpayer's argument that 26 U.S.C. § 752(a) authorizes the deduction, holding that *Crane v. Commissioner* does not apply to liabilities that are both nonrecourse and essentially contingent. Here, as a practical matter, the payment of the nonrecourse note is contingent upon the discovery of recoverable amounts of gas or oil. The security is otherwise of little value. The *Brountas* and *Gibson Products* courts adopted the same position.

 The Tax Court concluded, however, that 26 U.S.C. § 636 authorized the deduction. The court reasoned: (1) that the nonrecourse payments amounted to production payments; (2) that under section 636 production payments are treated as loans; and (3) that treating the payments as loans from the operator, who expected those loans to be paid, required that they be treated as liabilities increasing the taxpayer's basis. The *Brountas* and *Gibson Products* courts rejected this interpretation of section 636. The essential flaw in the Tax Court's reasoning, recognized by both courts, is that section 636 does not by its terms make any change in the rule that speculative or contingent liabilities may not be accrued and deducted.

 The taxpayer's cross-appeal presents a different issue. It took a deduction for losses for abandonment of parts of individual leaseholds. While leaseholds were not in production the leasehold owners owed "delay rentals." If these payments ceased, the limited partnership presumably lost its leasehold interest. The leaseholds were, however, divided for drilling purposes into "horizons" or segments. When a test well produced a dry hole a geologist would recommend whether to abandon the segment where the dry hole was drilled or the entire leasehold. Deductions were taken for abandonment of some segments, even though the entire leasehold was not abandoned, and the limited partnership continued to pay delay rentals.

The Tax Court held that so long as the investors continued to pay delay rentals

they still had the right to explore all strata in the leasehold, and thus there was no *"intention* to abandon coupled with an *act* of abandonment." *Massey-Ferguson, Inc. v. Commissioner,* 59 T.C. 220, 225 (1972) (emphasis supplied). The *Brountas* court affirmed this finding.

The *Brountas* and *Gibson Products* opinions analyze at length the two reasons relied upon by the taxpayer for deductibility of the expenses of the limited partnership represented by the nonrecourse notes. *Brountas,* moreover, discusses in detail the abandonment issue. The appeals were argued before both courts by the same attorney. Detailed treatment by us of any of these issues would serve no useful purpose. It suffices to observe that the Court of Appeals for the First Circuit properly disposed of the companion appeal arising out of the same trial record.

The decision of the Tax Court shall be affirmed as to the issue appealed by the taxpayer, but reversed as to the issue appealed by the Commissioner, and the case remanded to the Tax Court for further proceedings.