N. SOBEL, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 93822. Promulgated December 22, 1939.

*Benjamin Mahler, Esq.*, for the petitioner.
*B. M. Brodsky, Esq.*, for the respondent.

1264

OPINION.

STERNHAGEN: The Commissioner disallowed the petitioner's deduction of 1935 of the $10,850 for which it finally in that year settled the litigation over its note. He denied the loss "for the reason that

the stock to which it pertained became worthless prior to the taxable year under consideration." He then added to petitioner's gross income the other $10,850 half of the face amount of the note on the ground that this was a gain resulting from the "settlement of an obligation amounting to $21,700 for one-half the face value." The Commissioner argues that the taxpayer bought the shares in 1929, that they became worthless some time before 1935, with the result at that earlier time of a realized and deductible loss of the cost of $21,700; that the note, however, continued as a subsisting liability for its face amount, and its discharge by the payment of one-half its face brought about a gain of the other half, taxable as realized income.

If this were simply a case where a taxpayer bought property, giving its note in payment, and the property became worthless, the rule would apply that a deduction for loss would be available to it only in the year the property became worthless. But the facts are not so certain. There is question whether the taxpayer bought property in 1929 and question as to its liability and the amount thereof, and this question was suspended in litigation until the 1935 compromise agreement with the state superintendent of banks. Until 1935 the loss was not actual and present by any practical test. The litigation was, so far as this record shows, *bona fide*. There were enough other suits involving similar sales by the bank of its own shares during the 1929 "drive" to indicate that this petitioner was not alone in doubting its ownership of the shares or its liability on the note. Whether it could have avoided either the sale or the note can not be decided in this proceeding, for the claims were compromised and legal rights were never recognized. It can not be said as a postulate that if the litigation had proceeded to judgment it would have established that petitioner invested $21,700 in the shares and owed the full amount of the note. It is not clear that petitioner could rightfully have taken a deduction prior to 1935—not clear enough to carry the correlative denial of the deduction when the final amount was definitely fixed and the loss became actual and present. *Burnet* v. *Huff*, 288 U. S. 156. From every practical standpoint it had no loss until its liability was definitely fixed in 1935 for $10,850. It correctly took the deduction then.

This also establishes that the release of the note was not the occasion for a freeing of assets and that there was no gain under the doctrine of *Kirby Lumber Co.* v. *United States*, 284 U. S. 1.

The Commissioner's determination disallowing the loss of $10,850 and adding a further $10,850 to income is reversed.

*Decision will be entered under Rule 50.*