**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GEORGE W. EARNSHAW,

           Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

           Respondent-Appellee.

No. 02-9015
(Tax Ct. No. 5221-01)

**ORDER AND JUDGMENT** *

Before **TYMKOVICH** , **HOLLOWAY** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Petitioner-appellant George W. Earnshaw, proceeding pro se, appeals the

decision of the United States Tax Court determining that there is a deficiency in

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

income tax due from him for the taxable year 1998. Our jurisdiction arises under 26 U.S.C. § 7482(a)(1). We affirm.

In January 2001, the Commissioner of Internal Revenue mailed a notice of deficiency to petitioner, informing him that there was a deficiency in income tax due from him for 1998 in the amount of $3,514. The deficiency was based on the Commissioner's determination, under 26 U.S.C. § 61(a)(12), that petitioner received unreported discharge-of-indebtedness income in 1998 in the amount of $19,866 as the result of a settlement he entered into with MBNA America Bank (MBNA) regarding his credit card account. Petitioner then petitioned the Tax Court for a redetermination of the deficiency. After conducting a trial and granting the parties an opportunity to file post-trial briefs addressing the pertinent issues, the Tax Court entered a memorandum and opinion finding that petitioner received discharge-of-indebtedness income in 1998 as the result of the settlement of his MBNA credit card account, but the court found that the amount was only $13,097.61. *See* R., Vol. I, No. 18 at 8. Based on this redetermined deficiency, the Tax Court entered a decision finding that there is a deficiency in income tax due from petitioner for 1998 in the amount of $1,991. *Id.*, No. 20.

Petitioner claims the Tax Court erred in determining that he received discharge-of-indebtedness income in 1998 as the result of the settlement with MBNA. Petitioner claims that he disputed the amount he owed on his credit card

account, and he claims that the entire underlying debt therefore fell within the "contested liability" exception to discharge-of-indebtedness income. [1]

In its memorandum and opinion, the Tax Court rejected petitioner's claim that his entire credit card account balance constituted a "contested liability." Instead, based on two written statements he submitted to MBNA in June 1996, *see* R., Vol. II, Ex. 5-J, the Tax Court found that petitioner did not dispute that he owed $29,837.61 on his credit card account as of May 1996, *id.*, Vol. I, No. 18 at 2, 6-8. Thus, the court determined that the $29,837.61 was not a contested liability, and it further determined that petitioner received $13,097.61 in discharge-of-indebtedness income in 1998 after accounting for: (1) certain payments he made on his credit card account after May 1996; (2) a cash advance he received using his credit card in August 1996; and (3) the $12,700 he paid to MBNA in January 1998 to settle his account. *Id.* at 3, 6-8. The Tax Court also found, however, that petitioner did dispute certain finance charges and late fees

---

[1] "The concept of discharge-of-indebtedness income, . . . codified in 26 U.S.C. § 61(a)(12), requires taxpayers who have incurred a financial obligation that is later discharged in whole or in part, to recognize as taxable income the extent of the reduction in the obligation." *Preslar v. Comm'r*, 167 F.3d 1323, 1327 (10th Cir. 1999). A discharged debt is not treated as income, however, if the taxpayer contested the debt. Thus, if a taxpayer contests the original amount of an alleged debt in good faith, "a subsequent settlement of that dispute is treated as the amount of debt cognizable for tax purposes. In other words, the excess of the original debt over the amount determined to have been due may be disregarded in calculating gross income." *Id.* (quotations omitted).

that MBNA assessed against his credit card account after June 1996, and the court determined that those amounts did not constitute discharge-of-indebtedness income. *Id.* at 7-8.

"Decisions of the United States Tax Court are reviewed 'in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury.'" *Preslar v. Comm'r*, 167 F.3d 1323, 1326 (10th Cir. 1999) (quoting 26 U.S.C. § 7482(a)(1)). Consequently, "[w]e review the Tax Court's factual findings for clear error and its legal conclusions de novo." *Id.* "A finding of fact is clearly erroneous if it is without factual support in the record or if the appellate court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made." *Tosco Corp. v. Koch Indus., Inc.*, 216 F.3d 886, 892 (10th Cir. 2000) (quotations omitted).

In this appeal, petitioner claims the Tax Court erred in finding that the $29,837.61 was not a contested liability. Because this is a factual issue, petitioner had the initial burden of proof to come forward with credible evidence to support his claim that he disputed owing the $29,837.61 to MBNA. *See* 26 U.S.C. § 7491(a)(1). However, during the proceedings before the Tax Court, petitioner failed to put forth evidence showing that he had disputed any of the charges that comprised the $29,837.61. Instead, he argued that the written statements he submitted to MBNA in June 1996 were not admissions regarding

-4-

the amount he owed on his credit card account at that time, but were only acknowledgments regarding his account balance as set forth on the statement he received from MBNA in May 1996. *See* R., Vol. I, No. 21 at 1, 4. Even if petitioner's claim about his written statements is true, he still had the initial burden of proof to come forward with credible evidence showing that he had disputed some or all of the charges that comprised the $29,837.61 account balance, and he failed to satisfy that burden. Accordingly, we conclude that the Tax Court's finding that the $29,837.61 was not a contested liability is not clearly erroneous.

The decision of the Tax Court is AFFIRMED.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge