T.C. Summary Opinion 2006-16

UNITED STATES TAX COURT

MILLARD J. AND JACQUIE M. SCOTT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8110-04S.                    Filed January 30, 2006.

Millard J. and Jacquie M. Scott, pro sese.

<u>Charles J. Graves</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax of $865 for the taxable year 2001.

The issue for decision is whether petitioners received discharge of indebtedness income of $6,583 in taxable year 2001, which they failed to report. We hold that they did.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Eagar, Arizona, on the date the petition was filed in this case.

From March 2000 through November 2001, petitioners had three joint credit cards issued to them by MBNA America Bank N.A. (MBNA). A statement of accounts with a closing date of July 12, 2001, showed the balance due MBNA on these accounts consisting of credit card charges, balance transfers, checks, interest, operation charges, and penalties totaled $20,645.39. Petitioners secured a loan from a bank, not identified in the record, to pay off their credit card debt, in an attempt to consolidate their liabilities. Petitioners, on August 21, 2001, made a payment of $14,937.26 to MBNA for settlement of their accounts. MBNA received said payment of $14,937.26 on August 21, 2001. As a result of this settlement transaction, MBNA issued a Form 1099-C, Cancellation of Debt, to petitioners for taxable year 2001. Also, MBNA filed with respondent a Form 1099-C with respect to

petitioners.  The Form 1099-C reported August 28, 2001, as the date of the cancellation of debt and $6,583.34 as the amount of debt canceled.

Petitioners were not insolvent in 2001, nor did they file for bankruptcy during that year.

Petitioners timely filed their Form 1040, U.S. Individual Income Tax Return, for the taxable year 2001.  Petitioners did not report any part of the cancellation of indebtedness on their 2001 tax return.

Subsequently, respondent determined that petitioners failed to report on their tax return for 2001 income from discharge of indebtedness of $6,583.  Accordingly, respondent issued to petitioners a notice of deficiency determining a deficiency of $865 in petitioners' 2001 Federal income tax.

## Discussion

As a general rule, the determinations of the Commissioner in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving the Commissioner's determinations in the notice of deficiency to be in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  As one exception to this rule, section 7491(a) places upon the Commissioner the burden of proof with respect to any factual issue relating to liability for tax if the taxpayer maintained adequate records, satisfied the substantiation requirements, cooperated with the Commissioner,

and introduced during the Court proceeding credible evidence with respect to the factual issue.  Although neither party alleges the applicability of section 7491(a), we conclude that the burden of proof has not shifted with respect to the issue in the present case.

Section 61(a) defines gross income as "all income from whatever source derived," unless otherwise provided.  The Supreme Court has consistently given this definition of gross income a liberal construction "in recognition of the intention of Congress to tax all gains except those specifically exempted." Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955); see also Roemer v. Commissioner, 716 F.2d 693, 696 (9th Cir. 1983) (all realized accessions to wealth are presumed taxable income, unless the taxpayer can demonstrate that an acquisition is specifically exempted from taxation), revg. 79 T.C. 398 (1982).

It is beyond dispute that "Income from discharge of indebtedness" is included within the broad definition of income. Sec. 61(a)(12); sec. 1.61-12(a), Income Tax Regs.  "The underlying rationale for such inclusion is that to the extent a taxpayer is released from indebtedness, he or she realizes an accession to income due to the freeing of assets previously offset by the liability."  Jelle v. Commissioner, 116 T.C. 63, 67 (2001) (citing United States v. Kirby Lumber Co., 284 U.S. 1, 3 (1931)).

A discharge of indebtedness generally produces income in an amount equal to the difference between the amount due on the obligation and the amount paid for the discharge. If no consideration is paid for the discharge, then the entire amount of the debt is considered the amount that the debtor must include in income. Sec. 61(a)(12).

There are both statutory and common law exceptions to the rule requiring the recognition of income from the discharge of indebtedness. E.g., sec. 108(a); Zappo v. Commissioner, 81 T.C. 77, 85-86 (1983). However, these exceptions do not apply to the present case.

Petitioners state that the instructions in the Internal Revenue Service (IRS) guidance booklet for filing a 1099-C require that only the principal of a lending transaction be taken into income as discharge of indebtedness income. Consequently, petitioners argue that their outstanding credit card liability, which included interest, operation charges, and penalties, should be reduced pursuant to the instructions in the IRS guidance booklet. The instructions on which petitioners rely are found in the "2001 Instructions for Forms 1099-A and 1099-C". The pertinent instructions state, as follows:

Debt Defined

A debt is any amount owed to you including stated principal, stated interest, fees, penalties, administrative costs, and fines.  The amount of debt canceled may be all or only part of the total amount owed.  However, for a lending transaction, you are required to report only the stated principal.  See Exceptions on page AC-3.

      *     *     *     *     *     *     *

Exceptions

      *     *     *     *     *     *     *

    2.  Interest.  You are not required to report interest.  However, if you choose to report interest as part of the canceled debt in box 2 [of the 1099-C], you must show the interest separately in box 3.

    3.  Nonprincipal amounts.  For a lending transaction, you are not required to report any amount other than stated principal.  A lending transaction occurs when a lender loans money to, or makes advances on behalf of, a borrower (including revolving credit and lines of credit).  Nonprincipal amounts include penalties, fines, fees, and administrative costs.  However, for a nonlending transaction, report any of these amounts that are included in the debt.

This guidance is provided by the IRS to assist parties in preparing a Form 1099-C.

First, the authoritative sources of Federal tax law are in the statutes, regulations, and judicial decisions, and not in informal publications provided by the IRS.  Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979).  Second, petitioners have not shown the total amount of interest, operation charges, and penalties that they claim should reduce their outstanding credit

card liability.  Third, pursuant to the above-referenced instructions, in a nonlending transaction, such as occurred here, any nonprincipal amounts are included in the debt.  Thus, it appears that petitioners are incorrectly interpreting the above-referenced instructions or are incorrectly categorizing their transaction as a lending transaction.

Further, applicable case law establishes that in situations where the facts and circumstances are such that indebtedness from a credit card account is being discharged, the amount of income as a result of the discharge of this indebtedness is an amount equal to the difference between the amount due on the obligation and the amount paid for the discharge, or if no consideration is paid for the discharge, then the entire amount of the debt is considered the amount of income that the debtor must include in income.  See Earnshaw v. Commissioner, T.C. Memo. 2002-191, affd. 150 Fed. Appx. 745 (10th Cir. 2005).  Accordingly, we conclude that petitioners received discharge of indebtedness income of $6,583.

Petitioners alternatively argue that the amount of $6,583 was a reduction of charges agreed to by MBNA in exchange for petitioners' prompt payment of $14,937.26.  In other words, petitioners argue that they contested the amount of the debt with MBNA and that through negotiations it was established that $14,937.26 was the total amount of petitioners' credit card debt.

Nothing in the record indicates that petitioners contested the amount of the credit card debt with MBNA.  In fact, MBNA's action of issuing a Form 1099-C is contrary to petitioners' contention. Further, petitioners have not offered any documentary evidence supporting their claims that they contested the amount of the debt with MBNA and that through negotiations it was established that $14,937.26 was the total amount of petitioners' credit card debt.  It is well settled that we are not required to accept self-serving testimony in the absence of corroborating evidence. Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Niedringhaus v. Commissioner, 99 T.C. 202, 212 (1992).  On the basis of the record in the present case, we find that the amount of $6,583 was not a reduction of charges but was, in fact, a discharge of indebtedness.

We have considered all of the other arguments made by petitioners, and, to the extent that we have not specifically addressed them, we conclude they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.