T.C. Memo. 2009-239

UNITED STATES TAX COURT

WM. JON & MARY LOU MCCORMICK, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14362-08.                    Filed October 21, 2009.

Wm. Jon McCormick and Mary Lou McCormick, pro sese.

Julia L. Wahl, for respondent.

MEMORANDUM OPINION

COHEN, Judge:  Respondent determined a deficiency of $5,067 in petitioners' Federal income tax for 2005 and an accuracy-related penalty of $1,007 pursuant to section 6662(a).

Unless otherwise indicated, all section references are to the Internal Revenue Code for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After express concessions and abandoned issues, the issue for decision is whether petitioners must recognize discharge of indebtedness income as a result of settlement of their accounts with CitiFinancial Services and Chase Manhattan Bank.

## Background

This case was submitted fully stipulated under Rule 122, and the stipulated facts are incorporated as our findings by this reference. Petitioners resided in Pennsylvania at the time the petition was filed. William Jon McCormick (petitioner) is an attorney.

From at least 2004 petitioners maintained a loan account with CitiFinancial Services (CitiFinancial). Prior to February 1, 2005, petitioners were advised that the "payoff" amount of the loan was $8,042.10. In a fax sent February 1, 2005, to a branch manager, petitioner challenged the payoff amount, claiming that an insurance refund of $492.44 should have been credited to the account. The following day, the manager offered to settle the dispute for a lump-sum payment of $7,500. Petitioner accepted and paid the $7,500. CitiFinancial sent a Form 1099-C, Cancellation of Debt, to the Internal Revenue Service.

Before December 2000, petitioner Mary Lou McCormick, formerly Mary Lou Howard, had a credit card with Chase Manhattan Bank (Chase). The account was placed with collection agencies January 4, 2001, and October 10, 2001. Petitioners disputed the

account from at least February 2002.  On May 12, 2005, petitioner sent a letter to Chase challenging the alleged account balance of $2,875 and noting that the period of limitations on a suit to collect had expired.  Petitioner offered to pay $1,000 as the amount "actually owed".  Chase accepted and mailed petitioner Mary Lou McCormick a 2005 Form 1099-C for $1,875, the difference between the balance on the account and the payment.

## Discussion

The issue remaining for decision is whether petitioners had cancellation of indebtedness income from CitiFinancial and Chase.

Section 61(a)(12) includes in the general definition of gross income "income from discharge of indebtedness".  When the amount of a debt is disputed, "a subsequent settlement of the dispute would be treated as the amount of debt cognizable for tax purposes."  Zarin v. Commissioner, 916 F.2d 110, 115 (3d Cir. 1990) (holding that unenforceable debt is also disputed as to amount, and its settlement does not give rise to cancellation of indebtedness income) revg. 92 T.C. 1084 (1989); N. Sobel, Inc. v. Commissioner, 40 B.T.A. 1263, 1265 (1939).  There must be evidence of a dispute; a settlement standing alone does not prove that a good-faith dispute existed.  See Rood v. Commissioner, T.C. Memo. 1996-248, affd. without published opinion 122 F.3d 1078 (11th Cir. 1997).

In a fax sent to CitiFinancial petitioner argued that the loan payoff amount of $8,042.10 should be reduced by a $492.44 insurance refund. Aside from the insurance refund, petitioners do not argue that the payoff amount was incorrect.

In a letter sent to Chase petitioner argued that the outstanding balance should be $1,000 rather than the $2,875 claimed by the bank. Bank records reflected that the account had been disputed from at least 2002.

The preponderance of the evidence supports a conclusion that a bona fide dispute existed regarding the $492.44 insurance refund on the CitiFinancial debt and the balance of the Chase account over $1,000. See, e.g., Earnshaw v. Commissioner, T.C. Memo. 2002-191, affd. 150 Fed. Appx. 745 (10th Cir. 2005); see also Melvin v. Commissioner, T.C. Memo. 2009-199.

To determine the amount of cancellation of indebtedness income properly attributed to petitioners, we must determine the amount of the CitiFinancial and Chase debt that was definite and liquidated. See Zarin v. Commissioner, supra at 116.

In this case, respondent may not rely on the Forms 1099-C submitted by CitiFinancial and Chase as evidence of the amount of debt that was definite and liquidated. Section 6201(d) provides that in any court proceeding, if a taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return and has fully cooperated, the Commissioner

shall have the burden of producing reasonable and probative information concerning the deficiency in addition to the information return. Petitioners have asserted reasonable disputes with respect to the amounts reported by CitiFinancial and Chase. Respondent has failed to produce reasonable and probative information independent of the third-party information returns.

Petitioners did not dispute the CitiFinancial claimed payoff amount of $8,042.10, less the disputed insurance refund of $492.44, a total of $7,549.66. That amount is decreased by the settlement payment of $7,500. We conclude that the amount of petitioners' cancellation of indebtedness income from CitiFinancial is $49.66.

Petitioners had an uncontested and liquidated outstanding balance of $1,000 with Chase. Because they paid $1,000 to settle the account, they have no cancellation of indebtedness income from Chase.

In reaching our decision, we have considered all arguments made by the parties. To the extent not mentioned or addressed, they are irrelevant or without merit.

For the reasons explained above,

<u>Decision will be entered</u>

<u>under Rule 155</u>.